# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHARON MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-CV-3262 |
| | ) | |
| NATIONWIDE BETTER | ) | |
| HEALTH, BARBARA LEY, and | ) | |
| CYNTHIA NORTHRUP, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court of Plaintiff Sharon Murray's

Motion to Appoint Expert Witnesses Pursuant to Fed. R. Evidence 706(a)

(d/e 30) (Motion). Murray asserts claims under the Family Medical Leave

Act (FMLA), Americans with Disabilities Act (ADA), Employee Retirement

Income Security Act (ERISA), and state law. Fed. R. Civ. Proc. 8(a)

Complaint and Pleadings (d/e 1) (Complaint), at 1; 29 U.S.C. §2601 et

seq.; 42 U.S.C. § 12101 et seq; 29 U.S.C. § 1001 et seq.; 215 ILCS 5/134.

Murray alleges, inter alia, that Defendant Cynthia Northrup executed an

affidavit in which she falsely authenticated a counterfeit document,

Exhibit 7 to the Complaint. Complaint, ¶¶ 6-7. The affidavit was filed in a

prior action that Murray brought against her former employer AT&T

Mobility. Id. Murray asks the Court to appoint a forensic document expert and experts in the FMLA, ADA, ERISA, and relevant Illinois state statutes. For the reasons set forth below, the Motion is DENIED.

Rule 706 authorizes the Court, in its discretion, to appoint experts in appropriate cases. Court-appointed experts are appropriate to explain technically complex factual issues to the Court and the jury. See Ledford v. Sullivan, 105 F.3d 354, 358 (7th Cir. 1997). Court-appointed experts may also be appropriate when the parties' dueling experts are likely to cause confusion for the trier of fact. See In re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 665 (7th Cir. 2002). Rule 706 should not be used merely to assist one party in proving his or her case. O'Neil v. Walker, 2008 WL 450473, *1 (C.D. Ill. 2008).

The Court finds, in its discretion, that court-appointed experts are not appropriate in this case. The Court is well-versed in the federal and state laws at issue and can instruct a jury on those matters without the aid of experts. The claims alleged in the Complaint also do not implicate technical, complex factual issues. Murray sets forth in detail the differences between the alleged genuine documents and the alleged counterfeit Exhibit 7. Complaint, ¶¶ 7-9. She, thus, is fully able to present in a clear manner the basis for her claim that documents are counterfeit. The Court and the jury will not need an expert to aid in the understanding

of the issues or the evidence.  Also, Murray makes no showing that the parties are likely to present dueling experts who will create the type of confusion that would necessitate a court-appointed expert to aid the Court or the jury.

WHEREFORE, Plaintiff Sharon Murray's Motion to Appoint Expert Witnesses Pursuant to Fed. R. Evidence 706(a) (d/e 30) is DENIED.


ENTER:    May 12, 2011


                    s/ Byron G. Cudmore
                  BYRON G. CUDMORE
            UNITED STATES MAGISTRATE JUDGE