IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-3262 |
| ) | |
| NATIONWIDE BETTER HEALTH, ) | |
| BARBARA LEY, and CYNTHIA ) | |
| NORTHRUP, ) | |
| ) | |
| Defendants. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the following motions:

(1) Motion Pro SE Plaintiff Sharon Murray Pursuant to FRCP 30(a)(2)(A)(i), hereby Motions and Petitions For Leave to Depose by Oral Examination Individuals Involved with Personal Knowledge and Discoverable Material Information, Compel by Subpoena All Deponent's Attendance for Depositions to Take Place before the Honorable Court on Dates no later than 21 days From April 27th, 2011, or as soon as the Court can Hear, and Methods of Recording be Ordered and appropriate Relief Provided By the Court (d/e 43) (Motion 43);   (2) Motion for This Honorable Court to Provide a CD Copy Of the Court Ordered Document Preservation Protocol entered on October 15th, 2008 during the In Person Rule 16 Conference in case

Murray V. AT&T 08-cv-03159, on Ground that It is Material Information to These Proceeding in This Case 10-cv-03262 (d/e 45) (Motion 45); (3) Plaintiff Motion to Supplement and or Modify Her D/E 43 Motion (d/e 53) (Motion 53); (4) Motion to Strike Defendant's d/e 54 Response and Unsupported Allegations (d/e 57) (Motion 57); and, (5) Motion Seeking Clarification of Defendant's D/E 55 (d/e 58) (Motion 58) (collectively the Motions). For the reasons set forth below, the Motions are denied.

Motions (d/es 43, 53, and 57) relate to Murray's request that the Court compel non-parties to appear at depositions, or order the Defendants to compel non-parties who are not employees of a Defendant to appear at depositions. The Court will not do this and will not order the Defendants to do this. The Defendants have no power to make non-parties and non-employees appear at depositions. The Court's power to order a non-party to appear is invoked through issuance of a subpoena, not a court order. Murray may subpoena any non-party to appear at a deposition if she so wishes. The clerk of a district court must issue a subpoena to a party on request. Fed. R. Civ. P. 45(a)(3). In this District, a *pro se* plaintiff must secure court permission for subpoenas. Local Rule 45.1. Murray has, in fact, secured seven subpoenas from the Clerk's Office (d/e 59-65). The Court hereby authorizes the issuance of those seven subpoenas. Murray

should ask for leave of court for any more subpoenas in accordance with Local Rule 45.1

Murray states that a representative of the Clerk's Office misinformed her that only attorneys could serve subpoenas. Motion 57 ¶ 1. This is incorrect. Any person 18 years of age or older who is not a party may serve a subpoena. Fed. R. Civ. P. 45(b)(1).

The Court notes that Murray should carefully review Rule 45. The Rule sets out the procedures that Murray (and the Defendants, for that matter) must follow to secure issuance of a subpoena and to serve it properly. For example, the Rule sets out the geographical limits of service of a subpoena issued by this Court. Fed. R. Civ. P. 45(b)(2). The Rule also defines the appropriate district court from which Murray should secure a subpoena for a non-party who is outside of those geographical limits, and the judicial district where a deposition of such a person should take place. Fed. R. Civ. P. 45(a)(2). The Rule also sets forth how to secure service of the subpoena, including the required witness fees and mileage allowed by law. Fed. R. Civ. P. 45(b)(1). These three items are only examples and not a complete description of the requirements of Rule 45. Murray, and the Defendants, must follow Rule 45 carefully and completely if either wishes to subpoena non-parties for any purpose.

The Court further notes that parties and non-parties may challenge subpoenas. See Fed. R. Civ. P. 45(c). The Court makes no ruling at this time concerning the outcome of any challenge to a particular subpoena by a party or a non-party, including the seven subpoenas that have already been issued.

Murray proposes in Motion (d/e 53) to propound written questions to certain non-parties pursuant Fed. R. Civ. P. 31. She may do so without court order, but again, the non-party may only be compelled to respond by a subpoena issued and served pursuant to Rule 45. Fed. R. Civ. P. 31(a)(1). In short, Murray does not need a court order to conduct this discovery. She may serve subpoenas on non-parties in accordance with the Rules. Motions (d/es 43, 53, and 57) are therefore denied.[1]

Motions (d/es 45 and 58) relate to Murray's request for a CD recording of a hearing in Case No. 08-CV-3159 that was held before this Court on October 15, 2008. Murray again does not need a court order to secure this information. She may purchase a CD copy of the recording

---

[1] Murray also mentions in Motion (d/e 43) that Defendants have, "failed to comply with this Honorable Court's order to answer interrogatories, and produce discovery by April 25th 2011. Defendant has failed to make disclosures or cooperate in Discovery as required by FRCP 37." Motion 43, at 2. Murray has filed a separate motion regarding the Defendants' responses to discovery. Motion Asking The Court To Deem ALL Of Defendant's Objections to Plaintiff's Interrogatories and Refusal to Produce Discovery Waived (d/e 48) (Motion 48). The Court is not ruling on this issue at this time because Motion 48 is not yet fully briefed. The Court will address the dispute regarding the Defendants' discovery responses in the context of Motion 48 when it is fully briefed.

from the Clerk's Office. The Court does not address the potential relevance of the recording at this time because Murray is entitled to purchase the recording from the Clerk's Office regardless of its relevance. Motions (d/es 45 and 58) are denied.

WHEREFORE, Motion Pro SE Plaintiff Sharon Murray Pursuant to FRCP 30(a)(2)(A)(i), hereby Motions and Petitions Fore Leave to Depose by Oral Examination Individuals Involved with Personal Knowledge and Discoverable Material Information, Compel by Subpoena All Deponent's Attendance for Depositions to Take Place before the Honorable Court on Dates no later than 21 days From April 27th, 2011, or as soon as the Court can Hear, and Methods of Recording be Ordered and appropriate Relief Provided By the Court (d/e 43), Motion for This Honorable Court to Provide a CD Copy Of the Court Ordered Document Preservation Protocol entered on October 15th, 2008 during the In Person Rule 16 Conference in case Murray V. AT&T 08-cv-03159, on Ground that It is Material Information to These Proceeding in This Case 10-cv-03262 (d/e 45), Plaintiff Motion to Supplement and or Modify Her D/E 43 Motion (d/e 53), Motion to Strike Defendant's d/e 54 Response and Unsupported Allegations (d/e 57), and Motion Seeking Clarification of Defendant's D/E 55 (d/e 58) are DENIED.

The Clerk is directed to send Plaintiff Murray information regarding the costs and procedures for purchasing a CD copy of the recording of the

hearing held before this Court in Case No. 08-CV-03159 on October 15, 2008. The *pro se* Plaintiff is again cautioned to carefully review the Federal Rules of Civil Procedure <u>before</u> filing any additional motions herein.

ENTER: May 18, 2011

<u>s/ Byron G. Cudmore</u>
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE