IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-3262 |
| | ) |
| NATIONWIDE BETTER | ) |
| HEALTH, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Motion to Quash Subpoenas to Gaye Ann Pusch [d/e 61] and Nancy Wells [d/e 63] (d/e 75). For the reasons set forth below, the Motion is ALLOWED in part.

The Court issued subpoenas to Plaintiff Murray to serve on non-parties Gaye Ann Pusch and Nancy Wells for their appearance at depositions (d/e 61 and 63). A non-party, Michael Tucker, served the subpoena on Pusch by delivering it to Pusch's husband Jerry Pusch at their residence. <u>Declaration of Michael Tucker (d/e 70)</u> ¶ 3. Tucker served the subpoena on Wells by delivering it to Wells' assistant Kim Lewis at Wells' place of business. <u>Plaintiffs' Response to Defendant's Motion to Quash Plaintiff Sharon Murray's Subpoenas to Gaye Ann Pusch [d/e 61]</u>

and Nancy Well [d/e 63] (Response), Exhibit 2, Declaration of Michele Tucker ¶ 4.

The subpoena to Pusch (Pusch Subpoena) stated that the deposition would be held on June 9, 2011, at 9:00 a.m. at "470 N. Main Plz, Chatham, ILL answering questions 9045 Gordon Dr. Chatham IL". Pusch Subpoena (d/e 61). Murray placed two addresses on the Pusch Subpoena because she intends to have Pusch put under oath at the 470 N. Main address, and then conduct the deposition at the 9045 Gordon address without the presence of a court reporter or other officer authorized to administer oaths. See Response, Exhibit 1, Notice of Proposed Dates. Murray states that she proposed this method of conducting the depositions to Defendants' counsel, but never received a response. Response, at 1.

The Pusch Subpoena further directed Pusch to bring the following documents to the deposition:

> See attached Instructions for questions, definitions and explanations, documents, and information you are required to bring. In Short, you are to bring everything relevant pertaining to Sharon Murray. Bring everything related to fmla, std system tracking failures in your possession and names contact information of others that may have knowledge of such

Pusch Subpoena. The subpoena to Wells (Wells Subpoena) is in substantially the same form as the Pusch Subpoena with only the date of the deposition changed to June 6, 2011. The same two separate

addresses are listed and the direction to produce documents is the same. Wells Subpoena (d/e 63). Defendants now move to quash these subpoenas.

## ANALYSIS

The Defendants first challenge the service of the subpoenas. Generally, subpoenas must be personally served on the non-party. Fed. R. Civ. P. 45(b). In a recent case, the Seventh Circuit approved service of a subpoena by leaving the subpoena at the door of the residence of the person to be served on the belief that the person was inside at the time, but was refusing to answer the door in order to evade service. York Group, Inc. v. Wuxi Taihu Tractor Company, Ltd., 632 F.3d 399, 402 (7th Cir. 2011). The facts are distinguishable from this case, but the decision indicates that service of a subpoena may be accomplished by something less than handing the document physically to the deponent. In light of the York Group case, the Court finds that the service here was adequate.

The Defendants next challenge Murray's plan to take the depositions outside of the presence of a court reporter or other officer authorized to administer oaths. *Pro se* Plaintiff's proposed procedure is improper. Depositions must be conducted before an officer authorized under federal

or state law to administer oaths. Fed. R. Civ. P. 28. Murray cannot take the depositions in the manner she proposes.

Murray argues that the Defendants did not object to her proposal. The Defendants are not obligated to object or not object. They are entitled to have the depositions conducted in accordance with Rule 28. The only way that a deposition may be taken in some other manner is by stipulation. Fed. R. Civ. P. 29(a). The Defendants failure to respond to Murray's proposal does not constitute a stipulation. Murray must conduct the depositions before a court reporter or other officer authorized to administer oaths in accordance with Rule 28.

Lastly, the Defendants object to the document production request. The document request is not overly broad because the Court reads the instruction to bring documents relevant to Sharon Murray to apply to every other category of document listed. Thus, Pusch and Wells are to bring documents in the categories listed that relate to Sharon Murray and any other document related to Sharon Murray. The subpoenas are also directed to Pusch and Wells personally, and so, the document request is limited to the documents in the personal possession of Pusch and Wells. Neither is required to bring corporate documents or documents belonging to others.

WHEREFORE, Defendants' Motion to Quash Subpoenas to Gaye Ann Pusch [d/e 61] and Nancy Wells [d/e 63] (d/e 75) is ALLOWED in part. The Court will not quash the subpoenas entirely, but will relieve the deponents Gaye Ann Pusch and Nancy Wells from appearing on June 6, 2011, and June 9, 2011, respectively, at the times and places listed on the subpoena served upon them because Murray was not going to hold the depositions in accordance with Rule 28. The Court, however, will extend the subpoenas for 60 days to allow Murray to reschedule the depositions before a court reporter or other appropriate officer. Pusch and Wells' obligation to produce documents are further limited as set forth in this Opinion. Murray is directed to give each Pusch, Wells, and the Defendants at least fourteen days notice of the time and place for the rescheduled depositions. Notice is to be given to Pusch and Wells of the rescheduled deposition either personally or by certified mail, return receipt requested. Notice is to be given to the Defendants' counsel in accordance with Rule 5(b)(1).

ENTER: June 9, 2011

       *s/ Byron G. Cudmore*
       BYRON G. CUDMORE
   UNITED STATES MAGISTRATE JUDGE