E-FILED
Friday, 17 June, 2011 01:43:22 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-3262 |
| ) | |
| NATIONWIDE BETTER ) | |
| HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendants' Supplemental Motion to Quash Plaintiff Sharon Murray's Subpoenas (d/e 86) (Motion). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

Murray sent subpoenas to Kimberly White and Salma Mallet at 175 W. Jackson St. 7th Floor, Chicago, Illinois 60604, by certified mail. Plaintiff's Response to "Defendant's Supplemental Motion to Quash Plaintiff Sharon Murray's Subpoenas" (d/e 95), attached Declaration of Michele Tucker (Tucker Declaration). The subpoenas directed White and Mallet to appear for depositions to be held in Chatham, Illinois. Subpoena to Salma Mallet (d/e 59); Subpoena to Kimberly White (d/e 64). White and

Mallet are not parties to this action or officers of Defendant Nationwide Better Health.

Murray sent subpoenas to Christopher Meyers, Darlene Webster, and Bettina Yip at 5565 Glenridge Connector, Atlanta, Georgia 30342, by certified mail. Tucker Declaration. The subpoenas contained a statement that each deponent "can mail response." Subpoena to Christopher Meyers (d/e 60); Subpoena to Darlene Webster (d/e 62); Subpoena to Bettina Wing-Che Yip (d/e 65). The subpoenas were accompanied with attachments entitled Deposition via Written questions Pursuant to FRCP 31. These attachments contained written questions for the deponents to answer under oath. Tucker Declaration.

Defendants move to quash these deposition subpoenas.

## ANALYSIS

The Court must quash all of these subpoenas because they were not served personally. Rule 45 requires personal service. Fed. R. Civ. P. 45(b). This Court allowed leaving a subpoenas with an appropriate person at the deponent's residence or place of business to constitute personal service. Opinion entered June 9, 2011 (d/e 94), at 3 (citing York Group, Inc. v. Wuxi Taihu Tractor Company, Ltd., 632 F.3d 399, 402 (7th Cir. 2011). Certified mail, however, is not personal service and is not sufficient.

The Court must also quash the subpoenas to White and Mallet because the subpoenas would require White and Mallet to travel from Chicago to Chatham, Illinois, to attend the depositions. This Court must quash a subpoena that requires a deponent to travel more than 100 miles from where they reside, are employed or transact business to attend the deposition. Fed. R. Civ. P. 45(c)(3)(A)(ii). The Court takes judicial notice that Chicago is not within the Central District of Illinois and is more than 100 miles from Chatham, Illinois.

Murray argues that these subpoenas fit within the exception to the 100 mile limitation set forth in Federal Rule of Civil Procedure 45(c)(3)(B)(iii), but that exception only applies to subpoenas requiring attendance at trial. This is a deposition subpoena. If Murray wants to depose these individuals pursuant to subpoena, she must secure the subpoenas from the District Court in Chicago, serve them properly, and conduct the depositions within the 100 mile limit.

The Court must also quash the subpoenas addressed to Myers, Webster, and Yip because Murray seeks to take the depositions by written questions in Atlanta, Georgia. Subpoenas must be issued from the court for the district where the deposition is to be taken. Fed. R. Civ. P. 45(a)(2)(B). These depositions are being taken in Georgia. If Murray wants to depose these individuals pursuant to a subpoena in Atlanta,

Georgia, she must secure the subpoenas from the District Court in Atlanta, Georgia, serve them properly, and conduct the deposition in accordance with Federal Rule of Civil Procedure 31.

WHEREFORE, Defendants' Supplemental Motion to Quash Plaintiff Sharon Murray's Subpoenas (d/e 86) is ALLOWED. The subpoenas issued to Christopher Meyers, Darlene Webster, Bettina Yip, Kimberly White and Salma Mallet are hereby quashed.

ENTER: June 17, 2011

              *s/ Byron G. Cudmore*
             BYRON G. CUDMORE
    UNITED STATES MAGISTRATE JUDGE