**E-FILED**
Wednesday, 22 June, 2011  05:22:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-3262 |
| ) | |
| NATIONWIDE BETTER ) | |
| HEALTH, BARBARA LEY, and ) | |
| CYNTHIA NORTHRUP, ) | |
| ) | |
| Defendants. ) | |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Plaintiff Sharon Murray's Objection to Denial of Appointing Expert Witness (Objection) (d/e 56). For the reasons that follow, Plaintiff's Objection is DENIED.

### I. BACKGROUND

In October 2010, Plaintiff filed a Complaint against Defendants Nationwide Better Health, Barbara Ley, and Cynthia Northrup. The Complaint alleged violations of the Family Medical Leave Act (FMLA) (29 U.S.C. § 2601 et seq.), the Americans with Disabilities Act (42

U.S.C. § 12101 et seq.) (ADA), Employment Retirement Income Security Act (29 U.S.C. § 1001 et seq.) (ERISA), and various state-law claims.

Nationwide Better Health was the third-party administrator who handled FMLA leave and short term disability claims for Plaintiff's employer AT&T Mobility, LLC (AT&T). Northrup and Ley were employees of Nationwide Better Health.

In 2008, Plaintiff sued AT&T for violations of the FMLA and ADA.[1] As part of that lawsuit, Defendant Northrup executed an affidavit which authenticated certain documents, including letters to Plaintiff from Nationwide Better Health in its capacity as the AT&T leave administrator. The letters advised Plaintiff of her FMLA and short-term disability status. In the instant lawsuit, Plaintiff alleges, among other things, that Defendant Northrup falsely authenticated a counterfeit document, identified as Exhibit 7.

---

[1] See Murray v. AT&T Mobility, 2009 WL 2985721 (C.D. Ill. 2009) (granting summary judgment in favor of the defendant on the federal claims and declining to exercise supplemental jurisdiction over the state law claims); aff'd, 374 Fed. Appx. 667 (7th Cir. 2010).

In April 2011, Plaintiff filed a Motion to Appoint Expert Witnesses Pursuant to Federal Rule of Evidence 706(a). Plaintiff asserted she is disabled, her disability income is unstable, and her income is low. She requested the Court appoint an expert witness to help insure her constitutional right to equal access to the courts is protected, a fair trial occurs, and the integrity of the legal system upheld. Specifically, Plaintiff sought the appointment of the following experts: (1) a forensic document examiner to examine, in particular, the letter authenticated by Defendant Northrup (Exhibit 7); and (2) an expert witness in FMLA, ADA, ERISA, and the Illinois state statutes involved.

On May 12, 2011, United States Magistrate Judge Byron G. Cudmore entered an Opinion denying Plaintiff's request for appointed experts. Judge Cudmore noted Rule 706(a) of the Federal Rules of Evidence gives a court the authority to appoint experts in appropriate cases. He found, however, that the court-appointed experts sought were not appropriate in this case because: (1) the Court is well-versed in the federal and state laws at issue and can instruct the jury on those matters

without the aid of experts; (2) the claims alleged in the Complaint do not allege technical, complex factual issues; (3) Plaintiff has demonstrated she is fully able to present in a clear manner the basis for her claims that the documents are counterfeit; (4) the Court and the jury will not need an expert to aid in the understanding of the issues or the evidence; and (5) Plaintiff makes no showing that the parties are likely to present dueling experts who will create the type of confusion that would necessitate a court-appointed expert to aid the Court or the jury.

## II. STANDARD OF REVIEW

A magistrate judge may hear and determine matters that are not dispositive of a claim or defense. See Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Routine discovery matters are generally considered nondispositive. Westefer v. Snyder, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006); Locascio v. Balicki, 2010 WL 5418906, *2 (D.N.J. 2010) (magistrate judge's ruling on a motion to appoint expert is a nondispositive ruling). When a district court considers objections to an appeal from a magistrate judge's ruling on a nondispositive matter, the

magistrate judge's disposition will be set aside only if it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also United States v. Dish Network, L.L.C., 2010 WL 5463101 (C.D. Ill. 2010) ("a discovery order based upon the interpretation of law" is reviewed de novo).

### III. ANALYSIS

Plaintiff's Objection and memorandum in support thereof asserts Judge Cudmore erred by denying her request for the appointment of expert witnesses. Plaintiff asserts that the denial of her request is unconstitutional because she is disabled and poor. She further asserts that the "Court may not be able to fully instruct the jury" on some of the statutes. Finally, Plaintiff asserts that she contacted a forensic expert who believes she may be able to assist Plaintiff "beyond the obvious discrepancies" in the alleged fraudulent document.

This Court finds that Judge Cudmore's order denying Plaintiff's Motion was neither clearly erroneous nor contrary to law. Plaintiff does not have a constitutional right to appointment of an expert. See, e.g.,

Brown v. United States, 74 Fed. Appx. 611 (7th Cir. 2004) (rejecting claim that the court's refusal to appoint an expert denied the plaintiff due process and his right to meaningful access to the court, holding that "no civil litigant, even an indigent one, has a legal right" to compel the government to bear the cost of and responsibility for hiring a witness to testify on the litigant's behalf to establish the litigant's case). The purpose of Rule 706 is to help the trier of fact understand complex issues, not to ensure that indigent plaintiffs have access to expert witnesses to help them prove their case. See O'Neil v. Walker, 2008 WL 450473, *1 (C.D. Ill. 2008) ("purpose of Rule 706 is to help the Court or jury understand complex issues that would otherwise go unexplained" noting this is particularly true where the defendant would have to pay for the expert); Locascio v. Balicki, 2010 WL 5418906, *4 (D.N.J. 2010) ("Rule 706 is not intended to ensure that indigent plaintiffs have access to expert witnesses in order to make their case").

In addition, although Plaintiff brings multiple claims under multiple statutes, the Court will be able to fully instruct the jury on the

relevant law. This case does not present any issue of complex, scientific evidence. See, e.g., Horton v. Berge, 2003 WL 23111965, *5 (W.D. Wis. 2003) (Rule 706 gives courts discretion to appoint experts in a civil case that will assist the court in evaluating complex, scientific evidence).

Finally, Judge Cudmore concluded that Plaintiff set forth in detail the differences between the alleged genuine documents and alleged counterfeit document, demonstrating she is fully able to present her claim that the document is counterfeit. This factual finding was not clearly erroneous.

Plaintiff asserts that an expert will be able to find additional differences between the genuine documents and the alleged counterfeit document. However, at this point in the proceedings, Plaintiff has failed to show in what ways an expert will assist the Court or the trier of fact understand the issues. See, e.g., Williams v. Runyon, 2008 WL 4911898, *2 (C.D. Ill 2008) (noting that most important factor in determining whether to appoint an independent expert is whether the case involves a subject so complex that, without expert assistance, the

trier of fact would be unable to understand the subject), citing 29 Charles Wright and Victor Gold, Federal Practice and Procedure: Evidence § 6304 (1997).

IV. CONCLUSION

Because Judge Cudmore's Opinion was neither clearly erroneous nor contrary to law, Plaintiff's Objection to the Denial of Appointing Expert Witness (d/e 56) is DENIED.

ENTERED: June 21, 2011

FOR THE COURT:

                                       Sue E. Myerscough
                                       SUE E. MYERSCOUGH
                                       UNITED STATE DISTRICT JUDGE