IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-3262 |
| ) | |
| NATIONWIDE BETTER ) | |
| HEALTH, BARBARA LEY, and ) | |
| CYNTHIA NORTHRUP, ) | |
| ) | |
| Defendants. ) | |

OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Plaintiff Sharon Murray's Appeal of Order Denying Plaintiff's Motion Asking the Court to Deem ALL Defendant's Objections to Plaintiff's Interrogatories and Refusal to Produce Discovery Waived (Appeal) (d/e 83). For the reasons that follow, Plaintiff's Appeal is DENIED.

I. BACKGROUND

In January 2011, Plaintiff served her first set of Interrogatories and her Request to Produce on Defendant Nationwide Better Health

(Nationwide). In April 2011, after several requests for extensions of time, Nationwide served its answers. Nationwide objected to Plaintiff's discovery requests but also provided some answers to most of the Interrogatories and provided documents with Bates Stamp numbers 00001 to 00279.

In May 2011, Plaintiff filed a Motion Asking the Court to Deem ALL of Defendant's Objections to Plaintiff's Interrogatories and Refusal to Produce Discovery Waived (d/e 48). Plaintiff asserted she attempted to confer with Nationwide as required by Federal Rule of Civil Procedure 37(a) by attempting to call counsel for Nationwide and sending an email. Plaintiff alleged: (1) that by answering the requests after objection, Nationwide waived the objections; (2) the objections are meritless, groundless, and contain dishonesty; and (3) Nationwide failed to provide Plaintiff with the identity of all persons answering the discovery and the signature of all those persons. Plaintiff asked that the Court deem all the objections waived and compel Nationwide to cooperate with discovery, completely answer Plaintiff's interrogatories, and "[c]ompel [d]isclosure,

[d]iscovery[,] and [d]ocuments."

Nationwide objected to the Motion, asserting Plaintiff failed to meet and confer as required by Federal Rule of Civil Procedure 37. In support thereof, Nationwide attached Plaintiff's email, which stated: "Your response to interrogatories, I wan[t] EITHER objections or ans[]wers." Nationwide also asserted Nationwide had complied with discovery and that Plaintiff did not state how Nationwide's responses were allegedly deficient.

On May 31, 2011, Judge Cudmore entered an Opinion denying the Motion. Judge Cudmore denied Plaintiff's Motion with respect to the Request to Produce because Plaintiff did not attempt to meet and confer to resolve the dispute. Judge Cudmore also found that while Plaintiff's attempt to meet and confer to resolve the dispute over the Interrogatories would generally be found insufficient, Plaintiff did make some effort. Therefore, Judge Cudmore considered the Motion only with respect to Nationwide's answers to the Interrogatories.

Judge Cudmore concluded that: (1) Nationwide properly objected

and partially answered the Interrogatories; (2) Plaintiff failed to provide any specificity regarding the nature of Nationwide's alleged dishonesty; and (3) the answers and objections to the Interrogatories were properly signed by Nationwide's representative, Cynthia Northrup, and by Nationwide's attorney.

In June 2011, Plaintiff filed her Appeal.

## II. STANDARD OF REVIEW

A magistrate judge may hear and determine matters that are not dispositive of a claim or defense. See Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Routine discovery matters are generally considered nondispositive. Westefer v. Snyder, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006). When a district court considers objections to an appeal from a magistrate judge's ruling on a nondispositive matter, the magistrate judge's disposition will be set aside only if it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); see also United States v. Dish Network, L.L.C., 2010 WL 5463101 (C.D. Ill. 2010) ("a discovery order based upon the interpretation of law" is

reviewed de novo).

### III.  ANALYSIS

In her Appeal and memorandum in support thereof, Plaintiff asserts a number of grounds for relief.  One of her claims is that Judge Cudmore erred in denying her motion because he overlooked the fact that the deficiencies could have been alleviated with simple additions to Plaintiff's motion and that Judge Cudmore could have instructed Plaintiff to alleviate the deficiencies.  Plaintiff also tries to correct those deficiencies in her Appeal by attaching additional documentation and raising additional grounds for relief.  Plaintiff also claims the denial of her motion violated her constitutional rights and that Nationwide failed to provide legal grounds for the objections raised in the answers to the Interrogatories.

Judge Cudmore did not err by ruling on Plaintiff's Motion as filed, as he had no obligation to direct Plaintiff to correct any deficiencies in her Motion.  Moreover, this Court, in reviewing a magistrate judge's nondispositive order for clear error, only considers the evidence that was

before the magistrate judge at the time of the order and only considers the arguments and issues presented to the magistrate judge. See SmithKline Beecham Corp. v. Apotex Corp., 2000 WL 1310669, at *3 (N.D.Ill. 2000); Heartland Recreational Vehicles, LLC v. Forest River, Inc., 2010 WL 3119487, at *2 (N.D. Ind. 2010).

Therefore, this Court will only consider Plaintiff's argument that Judge Cudmore erred by finding the Interrogatories were properly signed.

Federal Rule of Civil Procedure 33(b)(5) provides that "[t]he person who makes the answers must sign them, and the attorney who objects must sign any objections." "This requirement is critical because 'interrogatories serve not only as a discovery device but as a means of producing admissible evidence.'" Walls v. Paulson, 250 F.R.D. 48, 52 (D.D.C. 2008) (an interrogatory answer is an admission of a party opponent), quoting Melius v. National Indian Gaming Comm'n, 2000 WL 1174994, at *1 (D.D.C. 2000)(internal citation omitted).

However, the requirements of Rule 33(b)(5) were met here because Northrup certified the answers and Nationwide's attorney signed the

objections. Judge Cudmore's conclusion that the response was properly signed is not clearly erroneous or contrary to law.

IV. CONCLUSION

Because Judge Cudmore's Opinion was neither clearly erroneous nor contrary to law, Plaintiff's Appeal of Order Denying Plaintiff's Motion Asking the Court to Deem ALL Defendant's Objections to Plaintiff's Interrogatories and Refusal to Produce Discovery Waived (d/e 83) is DENIED.

ENTERED: June 24, 2011

FOR THE COURT:

                                                s/Sue E. Myerscough
                                                SUE E. MYERSCOUGH
                                            UNITED STATE DISTRICT JUDGE