E-FILED
Monday, 27 June, 2011 04:15:30 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-CV-3262 |
| | ) |
| NATIONWIDE BETTER | ) |
| HEALTH, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Sharon Murray's Motion To Show Cause As To Why Defendant is interfering with, and Exercising Control over Plaintiff's Witness and Providing Them Legal Advice With No Legal Agreement (d/e 85) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

The Motion raises two issues: (1) the appropriate mailing address for defense counsel and (2) the propriety of defense counsel's contacts with non-parties Gaye Ann Pusch and Nancy Wells. The Court will address the mailing address issue first, and then the matter of contacting non-parties.

Murray complains about conflicting information regarding defense counsel's mailing address. Murray has attached to her Motion a notice

from the Post Office indicating that an envelope was returned that Murray had sent to defense counsel Elizabeth McDuffie by certified mail at 35 E. Wacker Drive in Chicago, Illinois.  The Court docket lists defense counsel's address as Gonzales Saggio & Harlan LLP, Suite 500, 35 East Wacker Drive, Chicago, IL 60601.  Murray has also attached to her Motion an e-mail in which defense counsel McDuffie stated to Murray, in part, "You have used the Prudential Plaza address the entire time for this case." Defendants have submitted evidence that Murray has mailed material to attorney McDuffie at Gonzalez, Saggio and Harlan LLC, Two Prudential Plaza 180 N. Stetson Ave Suite 4525, Chicago, Illinois 60601 (Prudential Plaza Address).  <u>Declaration of Sinthia Von Ohlen (d/e 89)</u>.

To avoid further confusion, the Court directs that mailings to defense counsel shall be addressed to defense counsel Elizabeth A. McDuffie (or, if appropriate the other attorney of record Philip S. Holloway) at the address of record on the docket in the Court file.  Currently that address is:

> Gonzales Saggio & Harlan LLP,
> Suite 500
> 35 East Wacker Drive
> Chicago, IL 60601

Should defense counsel prefer the Prudential Plaza Address (or some other address), counsel must notify Murray and the Clerk of the Court in writing of a change of address.

Murray next complains that defense counsel improperly interfered with Pusch and Wells and improperly gave Pusch and Wells legal advice. Murray served deposition subpoenas on Pusch and Wells. Wells' deposition was set for June 6, 2011, and Pusch's deposition was set for June 9, 2001. Subpoenas to Wells and Pusch (d/e 61 and 63). Defendants filed a motion to quash the subpoenas, which the Court allowed in part and denied in part. Opinion entered June 9, 2011 (d/e 94). While the motion to quash was pending, defense counsel McDuffie sent the following e-mail to Murray,

> Ms. Murray:
>
> As you are aware, Defendants have filed a motion to quash the subpoenas issued to Ms. Pusch and Ms. Wells. Thus, they will not be appearing next week for depositions. If you have any questions, please contact me.
>
> Liz McDuffie.

Motion, attached E-mail sent June 2, 2011, at 3:46 pm. Wells and Pusch did not appear for the depositions on June 6th and 9th. Murray complains that McDuffie improperly interfered with Pusch and Wells and improperly gave Pusch and Wells legal advice. The Court disagrees.

McDuffie could properly speak directly to non-parties such as Pusch and Wells. Murray refers to Pusch and Wells as her witnesses. That is correct only in the sense that Murray served a subpoena on them to appear

at a deposition.  Pusch and Wells have no other current relationship to Murray.  As such, Murray, Defendants, and defense counsel could contact Pusch and Wells directly and speak to them.  Pusch and Wells could choose whether or not to speak to either party or counsel.  Defense counsel, thus, did nothing improper by contacting Pusch and Wells and informing them that Defendants were filing motions to quash the deposition subpoenas.  Pusch and Wells could then decide whether to appear.  The fact that Pusch and Wells elected not to appear does not, by itself, indicate that defense counsel did anything more than contact these non-party deponents.

Murray argues, however, that McDuffie did not just contact Pusch and Wells, she gave them legal advice and improperly represented Pusch and Wells.  McDuffie denies that she represented Pusch and Wells or gave them legal advice.  <u>Defendants' Response to Plaintiff's Motion [d/e 85] to Show Cause as to Why Defendant is Interfering with, and Exercising Control over Plaintiff's Witness and Providing Them Legal Advice with No Legal Agreement (d/e 119) (Response)</u>, at 2.  The e-mail quoted above provides some support for Murray's belief that McDuffie represented Pusch and Wells.  The e-mail states that Pusch and Wells will not appear at their depositions because of the pending motion to quash and directs Murray to contact McDuffie if she has any questions.  The e-mail is brief and does not

state McDuffie's relationship to Pusch and Murray, if any. The fact that McDuffie notified Murray that Pusch and Wells would not appear and stated that Murray should contact McDuffie if Murray had questions, however, could indicate that McDuffie was representing Pusch and Wells. Defendants have now stated in their Response that defense counsel does not represent Pusch and Wells, but the e-mail could have left Murray with the opposite impression.[1]

Even if defense counsel represented Pusch and Wells, however, Murray presents no evidence indicating any impropriety. Again, parties and counsel may contact non-parties such as Pusch and Wells. The non-parties may elect to speak with counsel, one party, both parties, or none of them. Defense counsel may also represent a party and non-party as long as there is no conflict of interest or the conflict is properly waived. Murray quotes in her motion Illinois Rules of Professional Conduct 1.7, 1.8, and 1.9 concerning conflicts of interest. All of these rules state that a conflict arises if the representation of one party (such as Pusch or Wells) would adversely affect the representation of the other party (such as the Defendants). Murray makes no showing that Pusch and Wells are adverse to any of the Defendants. Thus, at this point, Murray makes no showing of any impropriety even if defense counsel also represented Pusch and Wells.

---

[1] Murray also argues that McDuffie's e-mail indicated that Defendants controlled Pusch and Wells. The Court disagrees. At best, the e-mail gave the impression that McDuffie represented Pusch and Wells, as well as the Defendants.

Again, McDuffie states that defense counsel does not represent Wells and Pusch, but at this point, nothing indicates that such representation would not be improper.

Murray also asks for detailed explanation and summary of the communications between defense counsel and Pusch and Wells. The Court sees no basis to enter such an order. The unprivileged communications between defense counsel and Pusch and Wells may be subject to discovery to the extent relevant. Murray may, therefore, seek this information through appropriate discovery procedures and has no need of a court order at this time.

WHEREFORE, Plaintiff Sharon Murray's Motion To Show Cause As To Why Defendant is interfering with, and Exercising Control over Plaintiff's Witness and Providing Them Legal Advice With No Legal Agreement (d/e 85) is ALLOWED in part and DENIED in part. The Court directs that mailings to defense counsel shall be addressed to defense counsel at the address of record on the docket in the Court file. Should defense counsel prefer some other address, defense counsel must notify Murray and the Clerk of the Court in writing of a change of address. The Motion is otherwise denied.

ENTER: June 27, 2011

        *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE