IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-3262 |
| NATIONWIDE BETTER HEALTH, BARBARA LEY, and CYNTHIA NORTHRUP, | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Defendants' Motion to Stay Proceedings Including Discovery Pending the Decision on Defendants' Motion for Summary Judgment and Other Relief (Motion to Stay) (d/e 111), Plaintiff's Emergency Motion to Strike and/or Deny Defendant's Motion to Stay (Motion to Strike) (d/e 116), and Plaintiff's Motion for Continuance to Complete Discovery (Motion for Continuance) (d/e 121). On June 24, 2011, U.S. Magistrate Judge Byron G. Cudmore took under advisement the Motion to Stay and the Motion to Strike. This

Court now GRANTS IN PART AND DENIES IN PART the Motion to Stay, the Motion to Strike, and the Motion to Continue.

I. BACKGROUND

Defendant Nationwide Better Health was the third-party administrator who handled Family Medical Leave Act (FMLA) (29 U.S.C. § 2601 et seq.) and short term disability claims for Plaintiff's employer AT&T Mobility, LLC (AT&T). Defendants Cynthia Northrup and Barbara Ley were employees of Nationwide Better Health.

In 2008, AT&T terminated Plaintiff Sharon Murray for absenteeism. Thereafter, Plaintiff sued AT&T for violations of the FMLA and ADA. Plaintiff alleged: (1) AT&T improperly interfered with her rights under the FMLA by miscalculating her FMLA usage and improperly retaliated against her for using FMLA leave; and (2) violated the Americans With Disabilities Act (ADA) by failing to grant her an accommodation and by refusing to rehire her with accommodations. In September 2009, summary judgment was granted in favor of AT&T, and the Seventh Circuit affirmed. See Murray v. AT&T Mobility, 2009 WL

2985721 (C.D. Ill. 2009) (granting summary judgment in favor of the defendant on the federal claims and declining to exercise supplemental jurisdiction over the state law claims); aff'd, 374 Fed. Appx. 667 (7th Cir. 2010) (hereinafter, "the AT&T litigation").

In October 2010, Plaintiff filed a pro se Complaint against Nationwide Better Health, Northrup, and Ley. The Complaint alleges violations of the FMLA, the Employment Retirement Income Security Act (29 U.S.C. § 1001 et seq.) (ERISA), violations of her Constitutional rights, and various state-law claims.[1] The Complaint also alleges a perjury claim pursuant to 18 U.S.C. § 1621 and 28 U.S.C. § 1746. The factual basis of the Complaint is primarily based on Plaintiff's belief that (1) Northrup provided intentionally misleading information regarding the authenticity of a document presented in the AT&T litigation and (2) records were not preserved. Plaintiff asserts that the failure to properly preserve documents has caused her "significant harm, damages, including

---

[1] Plaintiff alleges she is a qualified individual with a disability under the ADA but does not appear to allege a violation of the ADA within the Complaint.

employee health benefits and her rights to future benefits under ERISA." As relief, Plaintiff seeks damages in the amount of $500,000 and punitive damages.

On June 22, 2011, Defendants filed a Motion for Summary Judgment. Defendants assert they are entitled to summary judgment as a matter of law on the FMLA claims because: (1) the claims are barred by the doctrine of issue preclusion because Plaintiff has already litigated the issues in her FMLA claims in the AT&T litigation; (2) Nationwide Better Health was not Plaintiff's employer as defined by the FMLA; (3) the FMLA claims are barred by the two-year statute of limitations. Defendants assert they are entitled to summary judgment on the ERISA claims because: (1) Plaintiff's claims have nothing to do with an ERISA plan or any fiduciary duty to an ERISA plan; (2) Defendants are not covered by any of the ERISA sections cited by Plaintiff; (3) Plaintiff's ERISA claims are for spoliation of records and she has not alleged facts to support claims under ERISA; and (4) Plaintiff did not assert a civil enforcement provision under ERISA under which she alleges her ERISA

claims.

Finally, Defendants claim they are entitled to summary judgment on: (1) the Constitutional claims because Defendants are not state actors; (2) the perjury claims because the statutes upon which Plaintiff relies do not provide a private right of action; and (3) the state law claims, to the extent the Court exercises supplemental jurisdiction, because the facts alleged do not support the claim.

## II.  ANALYSIS

On June 22, 2011, Defendants filed the Motion to Stay, asking that the Court stay all proceedings, including discovery, until the Court decided Defendants' Motion for Summary Judgment.  Defendant assert a stay would be appropriate because the Motion for Summary Judgment is primarily based on the legal standards of the various causes of action.

Plaintiff objects to the Motion to Stay.  In her Motion to Strike, Plaintiff asserts a stay would prejudice and tactically disadvantage her and would provide no benefit in the form of simplifying the issues for trial.  Plaintiff further asserts that permitting discovery to proceed would

allow her to obtain information that supports her claims that (1) she had not exhausted her FMLA leave; (2) Northrup committed perjury; and (3) spoliation and intentional destruction of documents occurred.

Plaintiff also filed a Motion for Continuance. Plaintiff attaches to her Motion for Continuance a Rule 56(d) Declaration of Necessity in Support of Motion for Continuance to Complete Discovery (Declaration). In the Declaration, Plaintiff identifies the information she believes certain deponents would provide. That information primarily consists of information supporting the substance of Plaintiff's allegations. However, she also asserts the identified deponents would provide information regarding: (1) the "direct part Nationwide Better Health contributes to termination of" an employee; (2)"what it means to be a third party administrator for" FMLA; and (3) the existence of additional policies and contracts entered between Nationwide Better Health and Plaintiff's former employer.

In deciding whether to stay proceedings, the Court considers whether the stay will: (1) unduly prejudice or tactically disadvantage the

nonmoving party; (2) simplify the issues and streamline the trial; and (3) reduce the burden of litigation on the parties and the Court. Pfizer Inc. v. Apotex Inc., 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009). Whether to stay the proceedings is within this Court's discretion. See, e.g., Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District court has broad discretion to stay proceedings as an incident to its power to control its own docket"). Moreover, this Court has "wide discretion with respect to discovery matters." Brown-Bey v. United States, 720 F.2d 467, 470-71 (7th Cir. 1983).

Defendants' Motion for Summary Judgment raises primarily legal issues with regard to Plaintiff's federal claims. If successful, this Court would likely decline to exercise supplemental jurisdiction over the state law claims and the litigation here would come to an end. Granting a stay of the proceedings until this Court rules on the Motion for Summary Judgment would simplify the issues and reduce the burden of litigation on the parties.

However, this Court also recognizes that Plaintiff, who appears pro

se, has received little discovery thus far in the case. Moreover, Plaintiff has filed a Declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure identifying the reasons she cannot respond to the Motion for Summary Judgment without further discovery.

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

In accordance with Rule 56(d), this Court will allow Plaintiff additional time to obtain affidavits and conduct limited discovery. Discovery will be limited to the issues raised in the Motion for Summary Judgment regarding Plaintiff's federal claims, specifically: (1) whether Nationwide Better Health is a "covered employer" under the FMLA; and (2) whether Nationwide Better Health, Northrup, or Ley are "fiduciaries" of a "plan" under ERISA. Plaintiff is also permitted to conduct discovery regarding

any agreements, policies, or contracts entered into between Nationwide Better Health and Plaintiff's former employer during the relevant time and relating to the two issues cited above.

In addition, this Court notes that Defendants supported their Motion for Summary Judgment with affidavits from Northrup and from Deborah Baugh, an employee of AT&T located in the State of Washington. Plaintiff is permitted to obtain discovery from Northrup and Baugh regarding the information provided in their Affidavits. Plaintiff must note, however, that Baugh is not a party to the litigation and is not an employee of Nationwide Better Health. Therefore, any discovery Plaintiff seeks to obtain from Baugh must be done in accordance with the Federal Rules of Civil Procedure. See, e.g., Fed.R.Civ.P. 30, Fed.R.Civ.P.31, Fed.R.Civ.P.45.

Discovery on the issues raised in Plaintiff's Complaint, including, but not limited to the following, is stayed pending a ruling on Defendants' Motion for Summary Judgment: whether (1) Plaintiff exhausted her FMLA leave; (2) Northrup committed perjury; and (3)

spoliation and intentional destruction of documents occurred.  If the Motion for Summary Judgment is denied, this Court will allow additional discovery upon motion of either party and may reset the scheduling deadlines herein for good cause.

## III.  CONCLUSION

For the reasons stated, Defendants' Motion to Stay Proceedings Including Discovery Pending the Decision on Defendants' Motion for Summary Judgment and Other Relief  (d/e 111) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's Emergency Motion to Strike and/or Deny Defendant's Motion to Stay (d/e 116) is GRANTED IN PART AND DENIED IN PART.  Plaintiff's Motion for Continuance to Complete Discovery (d/e 121) is GRANTED IN PART AND DENIED IN PART.  Pending a determination on Defendants' Motion for Summary Judgment (d/e 108), discovery, including all outstanding discovery, is STAYED with the exception that Plaintiff shall be entitled to conduct limited discovery in accordance with this Opinion.  This limited discovery shall be completed by September 1, 2011.  Plaintiff

shall thereafter file her response to the Motion for Summary Judgment on or before September 26, 2011. Defendants shall file their reply in support of the Motion for Summary Judgment within 14 days of Plaintiff's response.

ENTERED: July 8, 2011

FOR THE COURT:

                                            s/ Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                UNITED STATE DISTRICT JUDGE