IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-3262 |
| ) | |
| NATIONWIDE BETTER HEALTH, ) | |
| BARBARA LEY, and ) | |
| CYNTHIA NORTHRUP, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Sharon Murray's Motion for Relief and Appropriate Action (d/e 137) (Motion 137); Murray's Motion to Take Deposition of Nancy Wells (VanScyoc) and Gaye Ann Pusch in Open Court for the Earliest Date Available For This Court, and Local Rule 6.1, Motion for Extension of Time to Amend Complaint and Joinder of Additional Parties to be Due No Less Than 21 Days After the Depositions (d/e 138) (Motion 138); Non-Party Witnesses' Motion for Protective Order (d/e 143) (Motion 143); and Defendants' Motion to Limit Plaintiff's Discovery Consistent with the Court's July 11, 2011, Opinion (d/e 145) (Motion 145).

For the reasons set forth below, Motion 137 is DENIED and Motions 138, 143, and 145 are ALLOWED in part and DENIED in part.

BACKGROUND

The District Court limited discovery in this case until after the pending Motion for Summary Judgment (d/e 108) is resolved. Opinion entered July 11, 2011 (d/e 134) (July 11 Opinion). The District Court stated:

> Discovery will be limited to the issues raised in the Motion for Summary Judgment regarding Plaintiff's federal claims, specifically: (1) whether Nationwide Better Health is a "covered employer" under the FMLA; and (2) whether Nationwide Better Health, Northrup, or Ley are "fiduciaries" of a "plan" under ERISA. Plaintiff is also permitted to conduct discovery regarding any agreements, policies, or contracts entered into between Nationwide Better Health and Plaintiff's former employer during the relevant time and relating to the two issues cited above.
>
> In addition, this Court notes that Defendants supported their Motion for Summary Judgment with affidavits from Northrup and from Deborah Baugh, an employee of AT&T located in the State of Washington. Plaintiff is permitted to obtain discovery from Northrup and Baugh regarding the information provided in their Affidavits. Plaintiff must note, however, that Baugh is not a party to the litigation and is not an employee of Nationwide Better Health.
>
> Discovery on the issues raised in Plaintiff's Complaint, including, but not limited to the following, is stayed pending a ruling on Defendants' Motion for Summary Judgment: whether (1) Plaintiff exhausted her FMLA leave; (2) Northrup committed perjury; and (3) spoliation and intentional destruction of documents occurred. If the Motion for Summary Judgment is denied, this Court will allow additional discovery upon motion of

either party and may reset the scheduling deadlines herein for good cause.

Id. at 8-10.

Prior to entry of the July 11 Opinion, this Court authorized the depositions of non-party witnesses Nancy Wells n/k/a Nancy Vanscyc, and Gaye Ann Pusch. Opinion entered June 9, 2011 (d/e 94) (June 9 Opinion), at 5. Murray still seeks to conduct these depositions before the resolution of the Motion for Summary Judgment. Murray also seeks to conduct depositions of Defendants Barbara Ley and Cynthia Northrup; Defendant Nationwide Health (Nationwide) employees Corrine Archer and Chrissy Cauger; and non-party witnesses Deborah Baugh and Christopher Myers. All of the deponents ask for protective orders to limit or bar the depositions. The non-party witnesses Vanscyc, Pusch, Myers, and Baugh are also represented by counsel, Attorney Michael A. Warner, Jr. Vanscyc, Pusch, Myers, and Baugh ask that Murray communicate with them through their counsel and not directly. The Defendants also seek a protective order to limit written discovery propounded by Murray. Finally, Murray seeks an extension of time for filing motions for leave to amend pleadings and add parties.

## ANALYSIS

I. <u>Depositions</u>

   A. <u>Ley, Archer, Cauger, Vascyoc, Pusch, and Myers</u>

The Court must limit discovery when the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 265(b)(2)(C)(iii). Murray also must take reasonable steps to avoid imposing undue burden or expense on non-party witnesses whom she wishes to subpoena for depositions. Fed. R. Civ. P. 45(c)(1).

These considerations weigh heavily against allowing any depositions, other than limited depositions of Northrup and Baugh, until after the July 11 Opinion's partial stay of discovery is lifted. Murray seeks to take the depositions of Ley, Archer, Cauger, Vascyoc, Pusch, and Myers to discover evidence to support her substantive claims and to discover information to support additional claims and to add defendants. <u>See</u> <u>Motion 138</u>, at 5; <u>Plaintiff's Response and Oppositin to D/E 143 "Non-Party Witnesses' Motion for Protective Order" (d/e 146) (Murray Response 146)</u>, at 4; . Those issues are unrelated to the limited discovery currently allowed by the July 11 Opinion; thus, Murray could not inquire about those issues if she conducted the depositions now. She would need to conduct a second round of depositions to cover these matters after the limitations on discovery is lifted by the District Court. Under these circumstances, the

burden and expense of requiring two depositions each of these people outweighs the likely benefit. The Court therefore will not allow Murray to conduct depositions of Ley, Archer, Cauger, Pusch, Vanscyoc, and Myers at this time. If Murray prevails on the Motion for Summary Judgment and the District Court lifts the stay on discovery, Murray may proceed with these depositions. The Court hereby continues the subpoenas on Vanscyoc and Pusch until after the Motion for Summary Judgment is resolved.

Murray argues that the July 11 Opinion limited the discovery she could take to respond to the pending Motion for Summary Judgment, but did not limit her ability to conduct discovery unrelated to the issues raised in the Motion for Summary Judgment. See e.g., Murray Response 146, at 4; Plaintiff's Response to Defendant's "Motion To Limit Plaintiff's Discovery Consistent With the Court's July 11, 2011 Opinion" and Plaintiff's Request for the Court to Honor Her Constitutional Right of Equal Access, Due Process and Time Allowed By This Court Due To The Need For Depositions, To Amend Her Complaint and Joinder of Additional Parties (d/e 149) (Murray Response 149), at 2, 7. Murray is incorrect. The July 11 Opinion stayed all discovery except for discovery on the limited areas listed in the language quoted above.

Murray argues that such a stay denies her due process. The Court disagrees. If she prevails on the Motion for Summary Judgment, the case

will proceed and she may move for permission to conduct discovery on her substantive claims and to amend the scheduling order. At this time, however, she is limited to conducting discovery only in the areas allowed by the July 11 Opinion.

Murray argues that Ley, Archer, Cauger, Vanscyoc, Pusch, and Myers may have discoverable information even under the partial stay of discovery. The Court agrees that Murray should be able to discover whether they have such information. Murray therefore may propound ten (10) written questions to each of these six witnesses (for a maximum total of sixty (60) questions), which questions must be limited to the topics authorized by the July 11 Opinion. Murray is to serve the questions by mail on counsel for Defendants and Attorney Warner by September 16, 2011.[1] Ley, Archer, Cauger, Pusch, Vanscyoc, and Myers are to respond in writing, under oath (or by declaration under penalty of perjury), with either answers and/or objections (or partial answers and partial objections), by October 21, 2011. If any objections cannot be resolved, Murray may file a motion to compel.

B. Northrup and Baugh

As quoted above, the District Court authorized Murray to obtain discovery from Northrup and Baugh regarding the information in their

---

[1] The Court will allow the request to require Murray to communicate to Pusch, Vanscyoc, and Myers through Attorney Warner for the reasons discussed below.

affidavits attached to the Motion for Summary Judgment. July 11 Opinion, at 9. Neither Northrup nor Baugh are residents of this District and, thus, in-person depositions will require either Murray or the deponents to travel. Baugh is not a party and is a resident of Washington state outside of the subpoena power of this Court. Thus, the Court has no authority to order her to come to the District for an in-person deposition. The Court also finds that requiring Baugh to travel to Illinois would be an unreasonable burden on a non-party witness. Murray also wants to depose Northrup about her affidavit and about matters beyond the scope of discovery allowed by the partial discovery stay. See e.g., Motion 138, at 5. This means that Northrup may be subject to two depositions. The burden of subjecting Northrup to two in-person depositions outweighs the likely benefit of an in-person deposition on the limited topics allowed by the July 11 Opinion. For all these reasons, the Court will bar in-person depositions of Baugh and Northrup at this time.

Murray, however, has a clear basis to discover information from Baugh and Northrup. Baugh and Northrup both provided affidavits that the Defendants used to support the Motion for Summary Judgment. Murray, thus, should be able to inquire of them concerning these affidavits. Baugh has offered to be deposed by telephone. That is a reasonable way for Murray to inquire of her thoroughly without putting either Murray or Baugh to

the expense of traveling between Illinois and Washington. The Court authorizes Murray to conduct such a deposition of Baugh by telephone.

The Court will also allow a deposition by telephone of Northrup. Again, Murray will be able to inquire more thoroughly about Northrup's affidavit used to support the Motion for Summary Judgment. In the alternative, Murray may elect to depose Baugh and/or Northrup by written questions pursuant to Federal Rule of Civil Procedure 31. Any deposition (including any document request served in connection with the deposition) will be limited to information provided in their affidavits, as stated the July 11 Opinion, quoted above.

II.     Communication with Vanscyoc, Pusch, Myers, and Baugh

Murray is directed to communicate with the non-party witnesses Vanscyoc, Pusch, Myers, and Baugh through their counsel, Attorney Warner, and not directly. Communication through counsel is a reasonable step to avoid imposing an undue burden on non-party witnesses. See Fed. R. Civ. P. 45(c)(1). Attorney Warner has now appeared in this case on behalf of the non-party witnesses Pusch, Vanscyoc, Myers, and Baugh, and so, will be subject to the orders of this Court should a dispute arise. Because these non-parties ask that all communications be sent to Attorney

Warner, he will also be required to accept service of subpoenas and other material for these four witnesses.[2]

III. <u>Written Discovery</u>

The Defendants state that Murray has propounded a request for production of documents that exceeds the scope of discovery allowed by the July 11 Opinion. They ask for a protective order to limit written discovery. The request for a protective order is denied without prejudice as premature. The Defendants state that they have responded and objected to Murray's requests that they believe to be beyond the scope of the discovery allowed by the July 11 Opinion. It does not appear that Murray has contacted the Defendants to resolve objections. The matter, thus, is not ready for consideration by the Court. <u>See</u> Fed. R. Civ. P. 37(a)(1). The Court agrees, however, that Murray may only seek discovery within the parameters allowed by the July 11 Opinion until the Motion for Summary Judgment is decided and the partial stay is lifted.

IV. <u>Extension of Time</u>

Murray seeks an extension of time to file motions for leave to amend the pleadings and to add parties. The current deadline was August 15,

---

[2]The non-parties also ask that Murray be required to secure court approval before securing any subpoenas for any other depositions of non-party witnesses. The Court does not need to enter such an order in this case because the Local Rules prohibit the issuance of subpoenas to pro se parties except upon order of the judge to whom the case is assigned. Local Rule 45.1.

2011.  Opinion entered July 12, 2011 (d/e 135), at 2-3.  Murray believes that many of these witnesses have information that will provide a basis to amend her complaint to add additional claims and defendants.  She complains that the partial stay of discovery has kept her from finding this information before the current deadline for amending her pleadings expired.

The Court agrees that the partial stay of discovery has limited Murray's ability to conduct discovery, and so, to determine whether she should amend her pleadings before the August 15 deadline.  The District Court recognized this problem by authorizing either party to move to reset the scheduling order for good cause if the Motion for Summary Judgment is denied.  July 11 Opinion, at 10.  To give the parties additional certainty, the Court hereby extends the deadline for filing motions to amend pleadings and to add parties until after the District Court rules on the Motion for Summary Judgment.  If the Motion for Summary Judgment is denied, the parties are hereby given sixty days after the entry of the order denying the Motion for Summary Judgment to file motions for leave to amend pleadings and to add parties.  In accordance with the July 11 Opinion, the parties may also move to reset the scheduling order further for good cause if the Motion for Summary Judgment is denied.

WHEREFORE, Sharon Murray's Motion for Relief and Appropriate Action (d/e 137) is DENIED; Murray's Motion to Take Deposition of Nancy

Wells (VanScyoc) and Gaye Ann Pusch in Open Court for the Earliest Date Available For This Court, and Local Rule 6.1, Motion for Extension of time to Amend Complaint and Joinder of Additional Parties to be Due No Less Than 21 Days After the Depositions (d/e 138) is ALLOWED in part and DENIED in part; Non-Party Witnesses' Motion for Protective Order (d/e 143) is ALLOWED in part and DENIED in part; and Defendants' Motion to Limit Plaintiff's Discovery Consistent with the Court's July 11, 2011, Opinion (d/e 145) is ALLOWED in part and DENIED in part. All requests for sanctions are denied.

ENTER: August 31, 2011

<i>s/ Byron G. Cudmore</i><br>
BYRON G. CUDMORE<br>
UNITED STATES MAGISTRATE JUDGE