IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3262 |
| | ) |
| NATIONWIDE BETTER | ) |
| HEALTH, BARBARA LEY, and | ) |
| CYNTHIA NORTHRUP, | ) |
| | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Plaintiff Sharon Murray's Appeal From Magistrate Judge and Objection to the Order and Opinion Entered August 31, 2011 d/e 150 (d/e 151). For the reasons that follow, Plaintiff's objections are OVERRULED and the August 31, 2011 Opinion (d/e 150) is AFFIRMED.

## I. BACKGROUND

On July 11, 2011, this Court stayed discovery pending a determination on Defendants' Motion for Summary Judgment. Plaintiff

was granted, however, leave to conduct limited discovery on the issues of whether (1) Nationwide Better Health is a "covered employer" under the FMLA; and (2) Nationwide Better Health, Cynthia Northrup, or Barbara Ley are "fiduciaries" of a "plan" under ERISA. Plaintiff was also allowed to conduct discovery regarding any agreements, policies, or contracts entered into between Nationwide Better Health and Plaintiff's former employer during the relevant time and relating to the two issues cited above. In addition, this Court permitted Plaintiff to obtain discovery from Northrup and Deborah Baugh regarding information they provided in their Affidavits in support of Defendants' Motion for Summary Judgment. The limited discovery was to conclude September 1, 201, and Plaintiff was to file her response to the Motion for Summary Judgment by September 26, 2011.

After the entry of this Court's July 11, 2011 Opinion, Plaintiff filed the following motions: (1) Motion for Relief and Appropriate Action (d/e 137); and (2) Motion to Take Deposition of Nancy Wells (VanScyoc) and Gaye Anne Pusch in Open Court for the Earliest Date Available for

This Court, and Local Rule 6.1, Motion for Extension of Time to Amend Complaint and Joinder of Additional Parties to be Due No Less Than 21 Days After the Depositions (d/e 138).

Defendants filed a Motion to Limit Plaintiff's Discovery Consistent with the Court's July 11, 2011 Opinion (d/e 145). Defendants requested the Court (1) prohibit the depositions of VanScyoc, Pusch, Corrine Archer, and Chrissy Cauger because Plaintiff was seeking information outside the parameters of the Court's July 11, 2011; (2) limit Plaintiff's deposition requests to written deposition questions or interrogatories of Ley and Northrup; and (3) limit Plaintiff's written discovery requests consistent with the Court's July 11, 2011 Opinion.

In addition, certain non-parties, VanScyoc, Pusch, and Christopher Meyers filed a Motion for Protective Order (d/e 143). In the Motion, the non-parties asserted that Plaintiff had contacted them to schedule depositions. The non-parties sought a protective order providing that (1) Plaintiff communicate with them through the non-parties' attorney, (2) Plaintiff be barred from deposing them because they have no information

that falls within the scope of the Court's July 11, 2011, Opinion, and (3) Plaintiff be barred from subpoenaing them without court authorization.

On August 31, 2011, United States Magistrate Judge Byron G. Cudmore entered an order granting in part and denying in part the relief sought by the parties and non-parties.  Specifically, Judge Cudmore (1) denied Plaintiff leave to conduct the depositions of Ley, Archer, Cauger, Pusch, VanScyoc, and Myers at this time because it would involve discovery on issues unrelated to the limited discovery currently allowed by the July 11, 2011 Opinion; (2) granted Plaintiff leave to propound ten written questions to Ley, Archer, Cauger, VanScyoc, Pusch, and Myers to determine whether they have discoverable information under the partial stay of discovery; (3) denied Plaintiff's request that Northrup or Baugh be ordered to come to the district for an in-person deposition but permitted Plaintiff to depose them by telephone; (4) directed Plaintiff to communicate with the nonparty witnesses Vanscyoc, Pusch, Myers, and Baugh through their counsel; (5) granted Plaintiff an extension of time to amend pleadings to 60 days after the Motion for Summary Judgment is

denied, if it is denied. Judge Cudmore denied, as premature, Defendants' request for a protective order to limit written discovery because it did not appear that Plaintiff had contacted Defendants to resolve the objections.

Plaintiff has now appealed Judge Cudmore's ruling.

## II.  STANDARD OF REVIEW

A magistrate judge may hear and determine matters that are not dispositive of a claim or defense. See Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Routine discovery matters are generally considered nondispositive. Westefer v. Snyder, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006). When a district court considers objections to an appeal from a magistrate judge's ruling on a nondispositive matter, the magistrate judge's disposition will be set aside only if it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## III.  ANALYSIS

On September 1, 2011, Plaintiff appealed Judge Cudmore's ruling. Plaintiff asks that Judge Cudmore's Opinion (d/e 150) be overturned and a clear and easy to understand Opinion be given. With the exception of

Plaintiff's request that VanScyoc and Pusch be ordered to appear in person for deposition and her stated uncertainty regarding the deadline to amend pleadings, the specific grounds for Plaintiff's objections are unclear.  See Local Rule 72.2(A) ("Such an appeal must specifically designate the order appealed from and the basis for any objection").

Here, Judge Cudmore's Opinion is neither clearly erroneous nor contrary to law.  Discovery in this case was stayed, with the exception of certain limited discovery.  Judge Cudmore's Opinion appropriately limited discovery in conformance with the stay while at the same time allowing Plaintiff the opportunity to determine whether specific individuals had information relevant to the issues raised in the Motion for Summary Judgment.

Plaintiff objects to the denial of her request to depose VanScyoc and Pusch in person.  Judge Cudmore granted Plaintiff leave to propound 10 interrogatories to Pusch and Vanscyoc (as well as Ley, Archer, Cauger, and Myers) to determine whether they have discoverable information under the partial stay of discovery.  Once Plaintiff has done so, she can

renew her request to depose them if they have discoverable information under the terms of the stay.

Plaintiff asserts she is uncertain regarding Judge Cudmore's ruling on her request that the Court extend the deadline for filing motions to amend the pleadings. Judge Cudmore granted Plaintiff 60 days from that denial of the Motion for Summary Judgment to amend her complaint. Certainly, if the Motion for Summary Judgment is granted, Plaintiff has no need to amend her complaint. A deadline of 60 days from the denial of the Motion for Summary Judgment is sufficiently clear.

One additional matter must be addressed. In the July 11, 2011, Opinion limiting discovery, this Court set September 1, 2011 as the deadline for the completion of the limited discovery and set September 26, 2011, as the deadline for Plaintiff to respond to the Motion for Summary Judgment. These deadlines must be extended in light of Judge Cudmore's August 31, 2011 Opinion.

The limited discovery directed by this Court in the July 11, 2011 Opinion shall be completed by November 21, 2011. Plaintiff shall

respond to the Motion for Summary Judgment by December 12, 2011. Although Plaintiff filed an Affidavit in Opposition to the Motion for Summary Judgment, she may want to file a response following the completion of the limited discovery. Defendants shall file a reply by December 27, 2011.

## IV.  CONCLUSION

Because Judge Cudmore's Opinion was neither clearly erroneous nor contrary to law, Plaintiff's objections are OVERRULED (d/e 151) and Judge Cudmore's August 31, 2011 Opinion (d/e 150) is AFFIRMED. The limited discovery directed by this Court in the July 11, 2011 Opinion shall be completed by November 21, 2011. Plaintiff shall file any additional response to Defendants' Motion for Summary Judgment by December 12, 2011. Defendants shall file a reply by December 27, 2011.

ENTERED: September 28, 2011

FOR THE COURT:

s/Sue E. Myerscough
UNITED STATE DISTRICT JUDGE