IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-3262 |
| ) | |
| NATIONWIDE BETTER ) | |
| HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on the following Motions:

(1) Plaintiff Sharon Murray's Motion to Compel Pursuant to FRCP 37 and Notice of Motion (d/e 153) (Motion 153); (2) Non-party AT&T Mobility LLC's (AT&T) Renewed Motion for Protective Order (d/e 155) (Motion 155); (3) Motion for Leave to Amend Complaint and Joinder of Parties (d/e 158) (Motion 158); (4) Plaintiff's Motion for Sanctions and Adverse Jury Instruction and Impose an adverse-inference Instruction Against The Defendants Due to Defendant's Willful Spoilation of Evidence and Willful Violation Of This Court's Order to "preserve all documents related to and reasonable related to plaintiff's claim" entered in 08-cv-3159 on Oct. 15, 2008 and Fed. R. Civ. Proc. 37 Memorandum (d/e 168) (Motion 168);

(5) Plaintiff's Renewed Motion For Court Appointed Counsel (d/e 170) (Motion 170); and (6) Non-party AT&T Mobility's supplement to Its Renewed Motion for Protective Order (d/e 179) (Motion 179).[1] For the reasons set forth below, the Court denies Motions 153, 155, 168, 170, and 179, and reserves ruling on Motion 158 at this time. The Court addresses the Motion as follows.

1. Motion 153

Motion 153 asks for an order to compel discovery responses. Motion 153, however, does not identify the discovery requests at issue and the Defendants' objections or responses to those requests. The attachments focus primarily on attempts to schedule depositions and the parties' attempt to negotiate a protective order. This Court's Opinion entered August 31, 2011 (d/e 150) (Opinion 150) resolved the disputes regarding the depositions referenced in the attachments to Motion 153. Motion 153 is denied as moot to the extent that it relates to the discovery issues resolved by Opinion 150. To the extent that Murray seeks relief regarding other discovery requests, Motion 153 is denied because she has not provided sufficient information to allow the Court to address the request. Murray

---

[1] On October 30, 2011, Murray filed Plaintiff's Emergency Motion For Injunctive Relief, Motion for Protective Order, Motion to Argue "Plaintiff's Emergency Motion for Injunctive Relief and Motion for Protective Order Orally Due to Disability Restrictions and Notice of Motions (d/e 180) (Motion 180). This Motion is not ripe for determination at this time because Defendants have not had an opportunity to respond. See Local Rule 7.1(B)(2).

does not attach or otherwise identify the discovery request at issue, i.e., the interrogatories, document requests, requests to produce, or other specific discovery requests. Murray should attach to a motion to compel the written discovery request (or requests) that she served on Defendants and the Defendants' formal written response. The Court would then be in a position to address the specific requests at issue and resolve the objections, if any, to those requests. Without this type of specific information, the Court cannot evaluate the Motion, and so, cannot grant Murray's request for relief.

The Court also notes that Murray attaches a long historical record of emails between herself and defense counsel regarding discovery and protective orders. She states that she attaches these to show her good faith in attempting to resolve discovery disputes. In the future, she only needs to provide information necessary to certify her good faith efforts to resolve the specific discovery request at issue in the motion, not every discovery dispute during the entire course of the litigation.

2.  <u>Motions 155 and 179</u>

Non-party AT&T asks this Court to order Murray to address all of her communications with any AT&T personnel to AT&T's counsel, attorney Michael Warner, and also, to order Murray to stop making representations to AT&T employees that she is a current employee of AT&T who is on

disability leave.  The Court previously ordered Murray to direct communications with four specific AT&T employees to attorney Warner because Murray was attempting to depose these four individuals in this case and attorney Warner entered his appearance on behalf of these individuals to secure a protective order regarding those depositions.  See Opinion 150, at 8.  AT&T asks the Court to order Murray to direct all communications to attorney Warner.

In support of Motions 155 and 179, AT&T attaches communications sent to AT&T employees and attorney Warner in which Murray asserts that she is currently an AT&T employee on an approved disability leave of absence.  Murray asserts that she is requesting an accommodation to her disability under the Americans with Disabilities Act.  E.g., Motion 155, Exhibit A, Email from Murray to Leighton Carroll dated August 31, 2011; Motion 179, Exhibit A, Email from Murray to attorney Warner dated September 26, 2011.  These communications do not relate to this case at this time.  This case concerns claims against Defendants National Better Health (NBH), Barbara Ley, and Cynthia Northrup based on the Defendants' prior conduct, not Murray's current requests for accommodations.  The Court is unwilling to supervise communications between Murray and a non-party regarding issues that are not directly

related to this case. The Court, therefore, will decline the request to order Murray to direct all communications to Warner.

AT&T also asks this Court to order Murray to stop representing herself to be a current employee of AT&T. AT&T is effectively asking this Court to make a finding that Murray's employment at AT&T was terminated. This Court previously found in Case No. 08-CV-3159 (brought by Murray against AT&T) that Murray's employment at AT&T was terminated on March 18, 2008. Murray v. AT&T Mobility,, 2009 WL 2985721, at *8 (C. D. IL. Case No. 08-3159, entered September 15, 2009) (2009 Decision). The Court has not addressed the extent to which the 2009 Decision is binding on the parties with respect to this issue in this case. The Court will not address this issue at this time because the parties have not briefed this issue. The Court, therefore, declines AT&T's request to make a finding at this time regarding Murray's employment status, and further, declines to supervise Murray's statements to non-party AT&T employees about a matter that is not currently before the Court.

The Court notes that Murray appears to be putting at issue in her Motions 158 and 180 the collateral estoppel effects of the 2009 Decision and the res judicata effects of the judgment in Case No. 08-CV-3159. The parties may want to address these issues, among others, in connection

with those two motions. Motions 155 and 170, however, are denied at this juncture.

3. <u>Motion 158</u>

Motion 158 asks for leave to amend the Complaint. The Defendants have not responded directly because they interpreted Opinion 150 to stay Murray's ability to seek leave to amend the complaint until after the District Court's ruling on Defendants' Motion for Summary Judgment (d/e 108) (Summary Judgment Motion). The Defendants misinterpreted Opinion 150. The Court extended the deadline to file motions for leave to amend pleadings to 60 days after the entry of the decision on the Summary Judgment Motion if the summary judgment was denied. <u>Opinion 150</u>, at 10. The Court only addressed extending the deadline to file such motions. There was no stay. The reference to extending the deadline only if summary judgment was denied only reflected the fact that extensions of deadlines would be moot if summary judgment was granted to the Defendants. The Court did not stay Murray's ability to seek leave to amend the pleadings.

In the alternative, the Defendants ask for additional time to respond to Motion 158. That request is granted. The Defendants are given until November 18, 2011, to respond to Motion 158. The Court reserves ruling on Motion 158 at this time.

4. <u>Motion 168</u>

Murray asks the Court to sanction Defendant NBH for failing to follow an order entered in Case No. 08-CV-3159 on October 15, 2008, implementing a document preservation protocol. <u>Motion 168</u>, Exhibit 140, <u>Transcript of Proceedings in Case No. 08-3159 on October 15, 2008 (2008 Transcript)</u>. This Court ordered AT&T, the defendant in Case No 08-CV-3159, to preserve documents. <u>2008 Transcript</u>, at 1. NBH was not a party to Case No. 08-CV-3159. Murray has not made a showing that NBH was bound by the document preservation order discussed in the 2008 Transcript. Absent a showing that NBH was bound, the Court will not impose sanctions. Motion 168 is denied.

5. <u>Motion 170</u>

Murray again moves for appointment of counsel. The Court previously denied her request for appointment of Counsel. <u>Opinion entered July 12, 2011 (d/e 135) (Opinion 135)</u>, at 2-3. As the Court explained,

> There is no right to counsel in civil proceedings. <u>Pruitt v. Mote</u>, 503 F.3d 647, 656 (7th Cir. 2007). The Court, however, may in its discretion, request an attorney to represent an indigent litigant on a pro bono basis. <u>Pruitt</u>, 503 F.3d at 654; 28 U.S.C. § 1915(e)(1). In deciding whether to allow a request for pro bono counsel, the Court must consider (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and (2) whether the plaintiff appears competent to litigate the matter for herself. <u>Pruitt</u>, 503 F.3d at 654.

Opinion 135, at 1-2.  The Court denied the previous request for counsel because Murray made no showing that she has made a reasonable attempt to obtain counsel.  Id. at 2.

Murray has now detailed her efforts to obtain counsel.  Motion 170, attached Affidavit in Support of Plaintiff's "Renewed Motion for Court Appointed Consul", ¶¶ 7-11.  The Court has reviewed Murray's efforts to secure counsel and whether she appears competent to represent herself.  The Court concludes that Murray is competent to represent herself in these proceedings.  She has been very active and demonstrated the ability to litigate this matter vigorously.

Murray notes that she was receiving some type of workers compensation payments from AT&T (or AT&T's workers compensation administrator), but those payments have been stopped.  This matter is evidently being litigated in an administrative proceeding in Illinois.  Murray is represented by counsel in this matter.  See *Affidavit In Support Of Plaintiff's Emergency Motion for Injunctive Relief, Motion for Protective order, Motion To Argue Plaintiff's Emergency Motion for Injunctive Relief and Motion for Protective Order Orally Due to Disability restrictions and Notice of Motions*, ¶¶ 4-6, 10.  Regardless, Murray has demonstrated that she is capable of advocating her positions before this Court.  The Court,

therefore, will not appoint counsel for Murray in this case.  Motion 170 is denied.

WHEREFORE, Plaintiff Sharon Murray's Motion to Compel Pursuant to FRCP 37 and Notice of Motion (d/e 153), Non-party AT&T Mobility LLC's Renewed Motion for Protective Order (d/e 155), Plaintiff's Motion for Sanctions and Adverse Jury Instruction and Impose an adverse-inference Instruction Against The Defendants Due to Defendant's Willful Spoilation of Evidence and Willful Violation Of This Court's Order to "preserve all documents related to and reasonable related to plaintiff's claim" entered in 08-cv-3159 on Oct. 15, 2008 and Fed. R. Civ. Proc. 37 Memorandum (d/e 168), Plaintiff's Renewed Motion For Court Appointed Counsel (d/e 170) , and Non-party AT&T Mobility's Supplement to Its Renewed Motion for Protective Order (d/e 179) are DENIED.  The Court reserves ruling on Plaintiff's Motion for Leave to Amend Complaint and Joinder of Parties (d/e 158).  The Defendants are given until November 18, 2011, to respond to Motion 158.

ENTER:     October 31, 2011

                        *s/ Byron G. Cudmore*
                      BYRON G. CUDMORE
          UNITED STATES MAGISTRATE JUDGE