IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHARON MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-3262 |
| | ) | |
| NATIONWIDE BETTER | ) | |
| HEALTH, BARBARA LEY, and | ) | |
| CYNTHIA NORTHRUP, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on (1) Plaintiff Sharon Murray's objections (d/e 182) to certain portions of the order entered by United States Magistrate Judge Byron G. Cudmore on October 31, 2011 (see d/e 181) and (2) Defendants Nationwide Better Health (NBH), Barbara Ley, and Cynthia Northrup's objections (d/e 183) to certain portions of the same order.  Because Judge Cudmore's determinations were neither clearly erroneous nor contrary to law, the objections (d/e 182, d/e 183) are OVERRULED.  Defendants shall file a response to Plaintiff's Motion

for Leave to Amend Complaint and Joinder of Parties (d/e 158) on or before December 7, 2011.

## I. BACKGROUND

On October 31, 2011, Judge Cudmore entered an Opinion resolving numerous pending motions. As is relevant herein, Judge Cudmore made the following rulings.

First, Judge Cudmore denied Plaintiff's Motion to Compel (d/e 153). Judge Cudmore found that the motion was moot to the extent it related to issues resolved by an earlier Opinion (d/e 150). Judge Cudmore further found that Plaintiff did not provide sufficient information to allow the Court to address the request.

Second, Judge Cudmore rejected Defendants argument that this Court had stayed Plaintiff's ability to seek leave to amend her complaint until after a ruling on Defendants' Motion for Summary Judgment. Judge Cudmore granted Defendants until November 18, 2011 to file a response to Plaintiff's Motion for Leave to Amend Complaint and Joinder of Parties (d/e 158).

Third, Judge Cudmore denied Plaintiff's Motion for Sanctions against Defendant NBH (d/e 168) for failing to follow an order entered on October 15, 2008 in Case No. 08-CV-3159. Judge Cudmore found that Plaintiff made no showing that NBH–a nonparty to Case No. 08-CF-3159– was bound by that order.

Fourth, Judge Cudmore denied Plaintiff's Renewed Motion for Court Appointed Counsel (d/e 170). Judge Cudmore found Plaintiff had demonstrated she was capable for advocating her positions before the Court and was not entitled to the appointment of counsel.

Plaintiff has filed objections to Judge Cudmore's Opinion regarding the Motion to Compel (d/e 153), the Motion for Sanctions (d/e 168), and the Renewed Motion for Court Appointed Counsel (d/e 170). Defendants have filed objections to Judge Cudmore's Opinion regarding Plaintiff's Motion for Leave to Amend Complaint and Joinder of Parties (d/e 158).

## II.  STANDARD OF REVIEW

A magistrate judge may hear and determine matters that are not

dispositive of a claim or defense. See Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Routine discovery matters are generally considered nondispositive. Westefer v. Snyder, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006); see also MacNeil Automotive Products, Ltd. v. Cannon Automotive Ltd., 2011 WL 812140, at *2 (N.D. Ill. 2011) (order by magistrate judge that does not impose discovery sanctions is a nondispositive order). Rulings on motions for the appointment of counsel are also nondispositive motions. McNary v. Norman, 134 F.3d 374, at *3 (7th Cir. 1998) (nonpublished disposition). When a district court considers objections to a magistrate judge's ruling on a nondispositive matter, the magistrate judge's disposition will be set aside only if it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).

### III. ANALYSIS

A.   Plaintiff's Objections (d/e 182)

In her Objections, Plaintiff asks for oral argument. Plaintiff asserts she suffers from restrictions with typing due to disabilities and that

typing out in detail the particular discovery she seeks would be in excess of 30 pages. Plaintiff also seeks oral argument because it would allow her "equal, more fair access and a fair opportunity to make clear her discovery requested and what exactly the Defendant destroyed."

Plaintiff's request for oral argument on her objections is denied. The issues raised by her objections do not require a detailed list of the discovery she seeks or an explanation of what Defendant purportedly destroyed. Plaintiff has had an ample opportunity to present her claims. See Harleysville Lake States Ins. Co. v. Granite Ridge Builders, Inc., 2009 WL 102438, at *1 (N.D. Ind. 2009) (denying request for oral argument where the "parties have been afforded [an] abundance of opportunities to thoroughly brief the issues and develop their arguments").

Judge Cudmore denied Plaintiff's Motion to Compel (d/e 153) because Plaintiff did not identify the discovery requests at issue. Judge Cudmore indicated Plaintiff should have attached the discovery requests she served on Defendants and the response she received from

Defendants. This would have allowed the Court to resolve any objections Defendants made to the requests.

Plaintiff does attach some of these documents to her objections, but when reviewing a magistrate judge's nondispositive order for clear error, this Court only considers the evidence that was before the magistrate judge at the time of the order. SmithKline Beecham Corp. v.. Apotex Corp.,2000 WL 1310669, at *3 (N.D.Ill.2000); Heartland Recreational Vehicles, LLC v. Forest River, Inc., 2010 WL 3119487, at *2 (N.D. Ind. 2010). Therefore, this Court will not consider the additional information submitted by Plaintiff. Judge Cudmore's ruling on the Motion to Compel was neither clearly erroneous nor contrary to law.

Judge Cudmore denied Plaintiff's Motion for Sanctions (d/e 168) because she failed to show that Defendant NBH was bound by the documentation preservation order entered in Case No. 08-CV-3159–a case to which Defendant NBH was not a party. This finding was neither clearly erroneous nor contrary to law. Plaintiff can refile her motion if

she can show Defendant NBH was bound by the order.  See, e.g., Select Creations, Inc. v. Paliafito America, Inc., 906 F.Supp. 1251, 1272 (E.D. Wis. 1995) ("nonparties with notice of the Court's order who are in active concert or participation with a party or who aid and abet a party's violation of the order may be held liable for contempt").

Finally, Judge Cudmore denied Plaintiff's renewed request for the appointment of counsel (d/e 170).  Judge Cudmore found that Plaintiff detailed her own unsuccessful efforts to obtain counsel.  Judge Cudmore found Plaintiff was competent to represent herself in the proceedings and capable of advocating her positions before the Court.  See, e.g., Pruitt v. Mote, 503 F.3d 647, 654 (7th Cir. 2007) (appellate court reviews denials of requests for appointment of counsel by considering the plaintiff's efforts to retain counsel, whether the plaintiff, given the difficulty of the case, is competent to try it herself, and, if not, whether the presence of counsel would have made a difference in the outcome).  These conclusions were neither clearly erroneous nor contrary to law.

B.   Defendants' Objections (d/e 183)

Defendants object to Judge Cudmore's finding that Plaintiff can seek leave to amend her complaint before the ruling on the Motion for Summary Judgment. This Court has reviewed the orders entered in this case. While Plaintiff has been given an extension of time to file a motion for leave to amend until 60 days after the decision on the Motion for Summary Judgment, no stay of the "leave to amend pleadings deadline" has been entered. Defendants shall therefore file response to Plaintiff's Motion for Leave to Amend Complaint and Joinder of Parties (d/e 158) on or before December 7, 2011.

## IV.  CONCLUSION

Because Judge Cudmore's Opinion was neither clearly erroneous nor contrary to law, the objections (d/e 182, d/e 183) are OVERRULED and Judge Cudmore's October 31, 2011 Opinion (d/e 181) is AFFIRMED. Defendants shall file a response to Plaintiff's Motion for Leave to Amend Complaint and Joinder of Parties (d/e 158) on or before December 7, 2011.

ENTERED: November 22, 2011

FOR THE COURT:

                                        s/Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                 UNITED STATE DISTRICT JUDGE