IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHARON MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-3262 |
| | ) | |
| NATIONWIDE BETTER | ) | |
| HEALTH, BARBARA LEY, and | ) | |
| CYNTHIA NORTHRUP, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Plaintiff's Appeal to District Court From Magistrate Judge's December 5, 2011 Report and Recommendation (d/e 196). In that Report and Recommendation, United States Magistrate Judge Byron G. Cudmore recommended that Plaintiff's Emergency Motion for Injunctive Relief, Motion for Protective Order, Motion to Argue Plaintiff's Emergency Motion for Injunctive Relief and Motion for Protective Order Orally Due to Disability Restrictions and Notice of Motions (Motion) (d/e 180) be denied. Because Plaintiff sought injunctive relief against nonparties for matters that are not the subject of the instant lawsuit, the Report and Recommendation is ADOPTED in its entirety and the Motion is DENIED.

I. BACKGROUND

Defendant Nationwide Better Health (NBH) was the third-party administrator who handled Family Medical Leave Act (FMLA) (29 U.S.C. § 2601 et seq.) and short term disability claims for Plaintiff's employer AT&T Mobility, LLC (AT&T). Defendants Cynthia Northrup and Barbara Ley were employees of NBH.

In 2008, Plaintiff, a former AT&T employee, sued AT&T for violations of the FMLA and the Americans with Disabilities Act (ADA). In September 2009, summary judgment was granted in favor of AT&T, and the Seventh Circuit affirmed. See Murray v. AT&T Mobility, 2009 WL 2985721 (C.D. Ill. 2009), aff'd 374 Fed. Appx. 667 (7th Cir. 2010).

In October 2010, Plaintiff filed the Complaint at issue herein alleging violations of the FMLA, the Employment Retirement Income Security Act (29 U.S.C. § 1001 et seq.) (ERISA), perjury claims, violations of Plaintiff's Constitutional rights, and various state law claims. The factual basis of the Complaint is primarily based on Plaintiff's belief that (1) Northrup provided intentionally misleading information regarding the authenticity of a document presented in the AT&T litigation and (2) records were not preserved.

In July 2008, this Court entered an order staying discovery pending a

determination on Defendants' Motion for Summary Judgment with the exception that Plaintiff was entitled to conduct limited discovery on (1) whether NBH was a "covered employer" under the FMLA; (2) whether NBH, Northrup, and Ley are "fiduciaries" of a "plan" under ERISA; (3) any agreements, policies, or contracts entered into between NBH and AT&T during the relevant time and related to the two issues cited above; and (4) the information provided by Northrup and Baugh in their affidavits in support of the Motion for Summary Judgment.

Numerous pleadings were thereafter filed regarding discovery in this case. As is relevant to this Motion, Plaintiff sought to depose three nonparty witnesses: (1) Gaye Ann Pusch, a former AT&T employee; (2) Nancy (Wells) Vansyoc, a current AT&T employee; and (3) Christopher Meyers, a current AT&T employee. See d/e 137, 138.  Subpoenas were issued in May 2011.

On August 18, 2011, attorney Michael A. Warner, Jr., filed an Appearance of Counsel on behalf of AT&T, Myers, Vansyoc, and Pusch. See d/e 141. Attorney Warner also filed (1) an objection to Plaintiff's request to depose Myers, Vansyoc, and Pusch (d/e 142); and(2) a Motion for Protective Order asking, among other things, that the Court bar Plaintiff from directly contacting AT&T employees, require Plaintiff direct her communications through AT&T counsel, and bar Plaintiff from deposing Myers, Vansyoc, and Pusch. (d/e 143).  On August

31, 2011, Judge Cudmore ruled on these motions, granting them in part and denying them in part.  See d/e 150.  Currently pending is Plaintiff's motion to amend her Complaint to add, among other things, claims against AT&T, Pusch, and Sedgwick CMS (Sedgwick), whom Plaintiff identifies as the third party administrator for Cingular Wireless/AT&T.  See d/e 158, 159, 160 ,

On October 30, 2011, Plaintiff filed the Motion at issue herein asking for injunctive relief against AT&T and Sedgwick.  See d/e 180.  In the Motion, Plaintiff asserts that she has suffered, and continues to suffer, harassment and discrimination at the hands of Defendants.  Motion, ¶ 1.  Despite referencing "Defendants", the incidents of which Plaintiff complains relate to AT&T and Sedgwick and include the following events that occurred in the Fall of 2011: that AT&T and/or Sedgwick (1) failed to engage in the interactive process; (2) requested from Plaintiff a more specific ADA accommodation document; (3) requested a third independent medical examination; and (4) directed Plaintiff to see a physician in Chicago.  Some of these actions appear to be related to proceedings before the workers' compensation commission.

Plaintiff seeks (1) a preliminary injunction enjoining AT&T and Sedgwick from "continuing the acts [Plaintiff] has described" and (2) relief the Court finds fit to discourage Defendants, AT&T/Sedgwick from

engaging in any future misconduct." Prayer for Relief ¶¶ 3, 5. Plaintiff also requests she be allowed oral argument on her Motion.

Defendants responded to the Motion, but the nonparties AT&T and Sedgwick did not. Defendants argued (1) to the extent the Motion sought to enjoin nonparties, the Motion should be denied because Plaintiff is seeking to enjoin nonparties from engaging in actions not at issue in the present litigation; and (2) to the extent the Motion was directed at Defendants, Plaintiff did not meet the burden of showing she is entitled to the relief she requests. See d/e 187.

On December 5, 2011, Judge Cudmore entered a Text Report and Recommendation finding that oral argument was unnecessary and that Plaintiff sought relief against entities that were not parties to the case. Therefore, Judge Cudmore found the Court lacked personal jurisdiction over the entities and could not grant the requested relief.

Plaintiff appeals the Report and Recommendation, arguing AT&T voluntarily appeared in the case by its counsel and that Sedgwick was an employee company of AT&T. See d/e 196. Plaintiff also objects to the denial of oral argument. Defendants have responded, asserting AT&T and Sedgwick are not parties to this action and Plaintiff's attempt to enjoin their actions in matters unrelated to her causes of action against Defendants is improper.

## II.  STANDARD OF REVIEW

This Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made.  See 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b).  Upon review of the Report and Recommendation, this Court may accept, reject, or modify the recommended disposition, receive further evidence, or recommit the matter to the magistrate judge with instructions.  See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

## III.  ANALYSIS

Plaintiff first objects to the recommendation that she be denied oral argument on the Motion.  However, this Court does not find that oral argument is either necessary or would be helpful .  Moreover, Plaintiff has had an ample opportunity to present her claims.  See Harleysville Lake States Ins. Co. v. Granite Ridge Builders, Inc., 2009 WL 102438, at *1 (N.D. Ind. 2009) (denying request for oral argument where the "parties have been afforded [an] abundance of opportunities to thoroughly brief the issues and develop their arguments").

Plaintiff also objects to the recommendation that her Motion be denied.  However, Plaintiff essentially seeks to enjoin a nonparty from engaging in conduct related to Plaintiff's workers' compensation matter, a matter not at issue in the current lawsuit.  This Court will not issue an injunction against a nonparty on a

claim that is not part of the pleadings.  See National Spiritual Assembly of the Baha'is of U.S. Under the Hereditary Guardianship, Inc. v. National Spiritual Assembly of the Baha'is of the U.S. Inc., 628 F.3d 837, 853 (7th Cir. 2010) (noting the general rule that "a court may not issue an injunction against a person over which the court has not acquired jurisdiction by service of process"), citing Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) (finding that injunction should not have been entered against an entity that was not named as a party, was never served, and did not formally appear at the trial ).

Concededly, Attorney Warner has entered his appearance on behalf of AT&T, Meyers, Pusch, and Vansyoc.  See d/e 141.  However, he did so solely for the purpose of challenging Plaintiff's attempts to depose those witnesses.  As stated by the district court in Ortiz v. Kilquist, 2006 WL 2583713, at *1 (S.D. Ill. 2006), "If Plaintiff believes [s]he has suffered injury by this nonparty, [s]he must file a separate suit against this nonparty, as [s]he cannot merely bootstrap this request for injunctive relief to the instant case."

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Appeal (d/e 196) is DENIED, Judge Cudmore's Text Report and Recommendation is ADOPTED, and Plaintiff's Motion (d/e 180) is DENIED.

ENTER: January 4, 2012

FOR THE COURT:

                                                  **s/Sue E. Myerscough**
                                               SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE