IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONWIDE BETTER HEALTH,<br>BARBARA LEY, and<br>CYNTHIA NORTHRUP,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)    No. 10-CV-3262<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Sharon Murray's Motion for Leave to Amend Complaint and Joinder of Parties (d/e 158). For the reasons set forth below, the Motion is DENIED.

Plaintiff Sharon Murray seeks leave to file an amended complaint that amends her claims against Defendants Nationwide Better Health, Barbara Ley, and Cynthia Northrup (Current Defendants), and adds additional Defendants Cingular/AT&T IDCS Benefit Plan, AT&T Mobility f/k/a Cingular Wireless (AT&T), Gaye Ann Pusch, Darlene Webster, and Sedgwick CMS (Proposed Defendants) (collectively All Defendants). Murray's proposed amended complaint, entitled Pro Se Plaintiff's Amended Complaint (d/e 159-62) (Proposed Amended Complaint), seeks to allege claims

against All Defendants under the Employee Retirement Income Security Act (ERISA) and the Family and Medical Leave Act (FMLA). 29 U.S.C. §§ 1001 et seq., and 2601 et seq. She also makes reference to Constitutional violations and violations of § 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794. She also alleges a number of common law and Illinois state statutory claims against All Defendants.

Leave to amend pleadings is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court may deny leave to file an amendment to a complaint when the amendment would be futile or cause undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962). The Defendants object to the proposed amended pleading because the amendment would cause undue delay and because the additional claims would be futile.

Defendants complain that they have filed a Motion for Summary Judgment (d/e 108) on June 22, 2011, and have been trying to get a resolution of that motion. They argue that the Proposed Amended Complaint would create an undue delay by forcing them to start over. They are correct that the filing of the Proposed Amended Complaint would moot the pending Motion for Summary Judgment. The Defendants could revive the Motion for Summary Judgment within fourteen days. Local Rule 7.1(E). The Proposed Amended Complaint, however, alleges claims against the existing Defendants in a substantially different manner and adds additional

claims.  The Defendants would be forced the rewrite the Motion for Summary Judgment in light of these differences.  Allowing the amendment at this juncture could delay the Current Defendants' efforts to secure a resolution of their request for summary judgment.

The joinder of the Proposed Defendants would also complicate the case and could cause delays in the resolution of the issues raised in the Current Defendants' Summary Judgment Motion.  The Motion for Summary Judgment has been pending for over six months, and the current Defendants are entitled to a resolution of that motion.  At this point, allowing Murray to file the Proposed Amended Complaint would cause undue delay in the resolution of the pending summary judgment motion. See e.g., Groth v. Orkin Exterminating Co., Inc., 909 F.Supp. 1143, 1148 (C.D. Ill. 1995) (The fact that the defendant filed a motion for summary judgment "alone supports the Court's decision to deny the Motion for Leave to Amend.") citing Sanders v. Venture Stores, Inc., 56 F.3d 771, 774-75 (7th Cir. 1995)).

Filing the Proposed Amended Complaint also would be futile. Murray's claims arise from her employment with AT&T.  That employment ended in 2008.  She sued AT&T regarding these matters in this Court and lost.  Murray v. At&T Mobility LLC, Case No. 08-CV-3159, Judgment entered September 16, 2009 (case no. 08-CV-3159 d/e 70).  The decision

was affirmed on appeal.  Murray v. AT&T Mobility LLC, 374 Fed. Appx. 667 (7th Cir. 2010) rehearing and rehearing en banc denied (May 17, 2010).  The judgment is final and bars all claims against AT&T based on the same core of operative facts that were or could have been brought in that action.  Smith v. City of Chicago, 820 F.2d 916, 917 (7th Cir. 1987).  Thus, Murray's efforts to name AT&T as a defendant in this case is futile.  She attempts to allege some continuing violations of her rights as an employee of AT&T, but the first case resolved the issue that her employment was terminated in 2008.  Thus, AT&T does not have any obligations to her as an employer and she does not have any claim against AT&T as an employee.  Her federal claims against AT&T would be futile.

Murray argues that the judgment in Case no. 08-CV-3159 is void due to fraud.  A motion to set aside a judgment due to fraud, however, must be made within a year of the entry of the judgment.  Fed. R. Civ. P. 60(b)(3); see Pantoja v. Texas and Transmission Corp., 890 F.2d 955, 960 (7th Cir. 1989).  The judgment in Case no. 08-CV-3159 was entered on September 16, 2009, far more than a year ago.  Murray, thus, will have a very difficult time challenging the judgment in Case No. 08-CV-3159 based on fraud.

Murray relies on the case of Long v. Shorebank Development Corp., 182 F.3d 548, 561 (7th Cir. 1999), for the proposition that a void judgment procured by fraud can be attacked at any time, in any court, either directly

or collaterally. The Long case involved an Illinois state judgment, not a federal judgment on federal claims. The Long case further explained that the quoted rule of Illinois law applied to cases in which the court rendering the judgments lacked jurisdiction. If the court had jurisdiction, and the judgment was procured by fraudulent conduct of the parties during the proceedings, then the judgment would be voidable in Illinois, and could only be overturned by reopening the case in which the judgment was entered and attempting to get the judgment set aside in the case directly. Id.

This Court had both personal and subject matter jurisdiction in Case. 08-CV-3159. Murray's claims of fraud relate to conduct by the defendant in that case during the proceeding. Thus, even if Illinois law applied, Murray would need to reopen Case No. 08-CV-3159 and seek relief from that judgment. She could seek that relief under Rule 60(b), but as explained, a motion to set aside a judgment based on fraud would be untimely. Fed. R. Civ. P. 60(b)(3).

Murray also argues that the judgment is otherwise void, but the Court does not see any reason that the judgment would be void. The Court had subject matter and personal jurisdiction, and the judgment has been affirmed on appeal. The judgment in Case no. 08-CV-3159 is final and resolved Murray's claims against AT&T. She lost. She cannot make AT&T

defend again.  Her proposed amended claims against AT&T then would be futile.

Murray alleges a claim for breach of fiduciary duty against All Defendants under ERISA.  The fiduciary duty claims all appear to be futile. Congress enacted ERISA to protect employee benefits plans.  29 U.S.C. § 1101.  Congress established that certain individuals and entities that manage and administer ERISA qualified employee benefit plans are fiduciaries that owed fiduciary duties to the plan and to the plan participants and beneficiaries.  29 U.S.C. §§ 1102-1109.  The Proposed Amended Complaint alleges that Murray was a beneficiary under an ERISA qualified plan that provided short term disability benefits.  She alleges that all of the defendants were fiduciaries under the plan.  She alleges that she was denied benefits under the plan and that all defendants further failed to disclose material information to her.  She asks for compensatory damages and other monetary relief for the breach of fiduciary duty.  <u>Proposed Amended Complaint</u>, at 10-12, 55.

Congress authorized certain specific remedies for plan participants and beneficiaries.  ERISA § 502.  29 U.S.C. § 1132; <u>see</u> <u>Buckley Dement, Inc. v. Travelers Plan Administrators of Illinois, Inc.</u>, 39 F.3d 784, 789-90 (7th Cir. 1994) (Congress enacted specific detailed enforcement scheme and remedies and did not intend to authorize other remedies).  Congress

authorized a participant or beneficiary to bring a claim for equitable relief against a plan fiduciary for breach of fiduciary duty. 29 U.S.C. § 1132(a)(3). A participant or beneficiary of a plan, however, can only bring an action for equitable relief based on a breach of fiduciary duty, not damages. Great-West Life & Annuity Ins. Co. Knudson, 534 U.S. 204, 210 (2002); Mondry v. American Family Mutual Insurance Co., 557 F.3d 781, 804 (7th Cir. 2009). Murray does not seek an injunction or other equitable relief against any Defendant. She seeks $509,936.98 in compensatory damages, plus additional damages and monetary relief. Proposed Amended Complaint, at 55. Murray's attempt to amend to add the Proposed Defendants to her breach of fiduciary duty claim would, thus, be futile because she cannot recover damages for a breach of fiduciary duty under § 1132(a)(3).[1] Mondry, 557 F.3d at 804.

Murray's attempts to state a claim for a violation of her constitutional rights also would be futile. Murray may sue a person acting under color of law who violates her constitutional rights. 42 U.S.C. § 1983. Acting under color of law means acting as a government official or in the exercise of state authority. See Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010). Murray does not allege that any Defendant acted as a government official

---

[1]There may be some possibility that Murray might be able to bring a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), but the Proposed Amended Complaint does not allege such a claim.

Page 7 of 10

or exercised government authority.  She alleges transactions between private business and private individuals.  She, therefore, does not allege a § 1983 claim for a violation of a constitutional right.

Murray may bring an action against private individuals and entities that conspire to deprive her of her right to equal protection of the laws. 42 U.S.C. § 1985(3).  To state a § 1985(3) claim, however, Murray must allege that some class-based racial or other invidiously discriminatory animus motivated the conspirators.  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).  Murray does not allege any class-based invidiously discriminatory animus.  She alleges discrimination against her because of her disability.  Animus based on a disability, however, is not sufficient to state a claim under § 1985(3).  D'Amato v. Wisconsin Gas Co., 760 F.2d 1474, 1487 (7th Cir. 1985).   A claim based on § 1985(3) would thus be futile.

The Proposed Amended Complaint refers to § 504 of the Rehabilitation Act of 1973.  29 U.S.C. § 794.  Section 504 states, in part,

> No otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

Murray does not allege that Nationwide Better Health, AT&T, or any other Defendant is "program or activity receiving Federal financial assistance" or an "activity conducted by any Executive agency or by the United States Postal Service."  Thus, § 504 does not apply.  The attempt to allege a claim under § 504 would also be futile.

Finally Murray alleges a number of violations of Illinois law and a number of common law claims under state law.  The proposed amendment would be futile because the Court would not have subject matter jurisdiction over these claims.  Murray and Proposed Defendant Pusch are alleged to be Illinois residents.  Proposed Amended Complaint, at 18 & 20.  Thus, the Court would lack diversity jurisdiction over these claims.  28 U.S.C. § 1332; Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").  The Court would in all likelihood decline to exercise supplemental jurisdiction because the federal claims would be dismissed.  28 U.S.C. § 1367(c)(3); Van Harken v. City of Chicago, 103 F.3d 1346, 1354 (7th Cir. 1997).  Because virtually all of the claims against the Proposed Defendants are futile, the Court, in its discretion determines that proposed amendment should not be allowed.  Foman v. Davis, 371 U.S. at 182.

WHEREFORE, Plaintiff Sharon Murray's Motion for Leave to Amend Complaint and Joinder of Parties (d/e 158) is DENIED.

ENTER:   January 12, 2012

*s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE