**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| SHARON MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cv-3262 |
| | ) | |
| NATIONWIDE BETTER HEALTH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Motion to Recuse Honorable U.S. Magistrate Judge Byron G. Cudmore for His Personal Interest In This Case, Prejudice and Bias Against This Pro Se Plaintiff Pursuant to 28 U.S.C. §§ 144, 455 (d/e 209) (Motion).  For the reasons set forth below, the Motion is DENIED.

The Court first notes that Plaintiff Sharon Murray is proceeding pro se, and so, cannot make the Motion under 28 U.S.C. § 144.  Section 144 requires, inter alia, that a party must file an affidavit with facts and reasons for the belief that bias exists, and also "a certificate of counsel of record stating that [the affidavit] is made in good faith."  Murray cannot provide such a certificate because she has no counsel of record.  See Robinson v. Gregory, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996); Cohee v. McDade,

472 F. Supp. 2d 1082, 1083-84 (S.D. Ill. 2006). The Court, thus, addresses the Motion as a motion to recuse brought under 28 U.S.C. § 455.

Section 455(a) requires a federal judge to recuse himself, "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 445(a). This issue is determined by an objective standard:

> Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry. An objective standard is essential when the question is how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person . . . . Trivial risks are endemic, and if they were enough to require disqualification we would have a system of preemptory strikes and judge-shopping, which itself would imperil the perceived ability of the judicial system to decide cases without regard to persons. A thoughtful observer understands that putting disqualification in the hands of a party, whose real fear may be that the judge will apply rather than disregard the law, could introduce a bias into adjudication. Thus the search is for a risk substantially out of the ordinary.

Hook v. McDade, 89 F.3d 350, 354 (7th Cir. 1996) (quoting Matter of Mason, 916 F.2d 384, 385-86 (7th cir. 1990)) (citations omitted) (ellipsis in the original).

Murray presents no evidence that circumstances exist in this case that would cause a well-informed, thoughtful observer to question the impartiality of this Judge. This Judge has no financial interest in Defendant Nationwide Better Health and does not know the individual Defendants

Barbara Ley and Cynthia Northrup.  This Judge has no knowledge of Plaintiff Murray except through the proceedings she has brought in this Court.  The Court finds no basis under which a well-informed, thoughtful observer to question the impartiality of this Judge.

Murray raises the fact that she brought a prior proceeding in this Court, Case No. 08-3159 (Prior Proceeding), and this Judge made rulings in the Prior Proceeding.  She argues that this circumstance creates a basis to question this Judge's impartiality.  The Court disagrees.  A well-informed thoughtful observer would not conclude that this circumstance would create a basis to question this Judge's impartiality.  The implication would be that a judge could not hear two cases brought by the same litigant.  That cannot be.  Furthermore, the Prior Proceeding is closed.  The District Court entered summary judgment against Murray and that decision was affirmed by the Court of Appeals.  Murray v. AT&T Mobility LLC, 374 Fed. Appx. 667 (7th Cir. 2010).  Plaintiff Murray has had the opportunity to appeal any objectionable decisions in the Prior Proceedings.  The Court of Appeals has considered her appeal and upheld the decisions this Court.  A well-informed thoughtful observer would not question this Judge's impartiality because he made decisions in a closed matter that has been affirmed on appeal.  This Court finds no basis for recusal under § 455(a).

Murray also moves for recusal based on prejudice, bias, and interest in the case. Section 455(b)(1) states that a federal judge must recuse himself, "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455 (b)(1). The inquiry is again an objective one, and bias or prejudice must be shown by compelling evidence:

> In determining whether a judge must recuse under § 455(b)(1), "the question is whether a reasonable person would be convinced the judge was biased.". . . Moreover, recusal is required only if actual bias or prejudice is "proved by compelling evidence."

Hook, 89 F.3d at 355 (quoting Lac du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse–Wisconsin, Inc., 991 F.2d 1249, 1255 (7th Cir. 1993) and United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985)) (citations omitted).

Murray bases her claim of bias on this Judge's rulings and statements in this case and the Prior Proceeding. Bias or prejudice, however, must be based on evidence of some matter unrelated to rulings or comments made in the current case or a previous case. Liteky v. United States, 510 U.S. 540, 550-51 (1994); Hook, 89 F.3d at 355; Matter of Huntington Commons Associates, 21 F.3d 157, 158 (7th Cir. 1994). A judge's rulings or expressions of personal opinions within an on-going case or prior case do not support a finding of bias "unless they display a deep-

seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555.

This Judge's rulings or possible expressions of personal opinion in this case or the Prior Proceeding do not provide any basis for recusal under § 455(b)(1). The Court has carefully reviewed the rulings and statements raised by Murray, and finds that none of these rulings or statements indicate bias or prejudice, let alone compelling evidence of deep-seated favoritism or antagonism.

The Court also notes that Murray has appealed some of this Judge's decisions. See Murray various appeals (d/e 56, 83, 113, 151, 182, 196, 206, 215, 218). These appeals are entirely proper and are an appropriate way to seek relief from this Judge's decisions. See 28 U.S.C. § 636; Fed. R. Civ. 72.[1] The District Court, however, has yet to reverse any of these decisions. See District Court Opinions on Plaintiff's Appeals (106, 118, 130, 171, 194, 203). The consistent pattern of affirmances tends to indicate that this Judge has made decisions based on the law and the facts

---

[1]The Court notes that Murray is not the only party who has appealed this Court's decisions in this case. Defendants have also appealed this Court's decisions. See Defendants' appeals (d/e 183, 188). The District Court affirmed the decision in one appeal and denied the other appeal as moot. See District Court Opinion entered November 23, 2011 (d/e 194) and Text Order entered November 23, 2011. Again, such appeals are an appropriate procedure to seek relief from this Court's decisions.

rather than personal bias.[2]  After careful review of the matters raised by Murray, the Court finds that Plaintiff has failed to demonstrate a basis for recusal due to bias or prejudice.[3]

WHEREFORE Plaintiff's Motion to Recuse Honorable United States Magistrate Judge Byron G. Cudmore for His Personal Interest In This Case, Prejudice and Bias Against This Pro Se Plaintiff Pursuant to 28 U.S.C. §§ 144, 455 (d/e 209) is DENIED.


ENTER: March 1, 2012

_____ s/ Byron G. Cudmore _____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court is not saying that a reversal would necessarily be evidence of bias.  A reversal is a determination that a court erred, not that a court was biased or prejudiced. An affirmance of an order means that the District Court reviewed the order and determined that the order either was not clearly erroneous or an abuse of discretion. Fed. R. Civ. P. 72(a).  An affirmance of a report and recommendation means that the District Court reviewed the matter de novo and reached the same conclusion as the Magistrate Judge.  Fed. R. Civ. P. 72(b)(3).

[3]Murray may possibly be seeking recusal under § 455(b)(4) based on her reference to this Judge having an interest in this case.  She argues that this Judge has an interest in the case because of his rulings in the Prior Proceeding.  Section 455(b), however, only applies if a judge, or a spouse or minor child still living the judge's home, has a financial interest in a party or the subject matter of a case.  28 U.S.C. § 455(b)(4). No such financial interest exists in this case.  Murray's argument about decisions in the Prior Proceeding is, thus, considered as an argument for recusal under § 455(a).  As discussed above, Murray does not show a basis for recusal under § 455(a).