E-FILED
Friday, 02 March, 2012 10:49:32 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10-cv-3262 |
| NATIONWIDE BETTER HEALTH et al., | ) ) ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff's Motion for Protection Order for a Witness Motion for Leave to File Document Under Seal (d/e 208) (Motion). Plaintiff Sharon Murray seeks permission to file an affidavit under seal from a person who wishes to remain anonymous. Murray appears to want to use this affidavit as evidence, but keep the identity of the affiant and the contents of the affidavit from the Defendants.

Murray's request must be denied. Murray must initially disclose the identity of witnesses that she may use to support her claim and must disclose documents that she may use to support her claim. Fed. R. Civ. P. 26(a)(1)(i) & (ii). She thereafter must supplement these disclosures as she identifies additional witnesses and collects additional documents that she may use to support her claim, unless the supplemental information has

been otherwise disclosed to the Defendants in discovery or in writing. Fed. R. Civ. P. 26(e). If she fails to make these disclosures, the evidence from these individuals and documents may not be considered in connection with any motion, at a hearing, or at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Murray clearly believes the affidavit is not harmless to the Defendants. She, therefore, can only keep the affidavit sealed and away from the Defendants' view if such non-disclosure is substantially justified.

Murray fails to demonstrate that such non-disclosure is substantially justified. In appropriate cases, information may be shielded from dissemination to the public generally through a protective order. Fed. R. Civ. P. 26(c). The information subject to a protective order, however, is disclosed to the other parties or their counsel during discovery so that they have the opportunity to investigate and respond. Evidence presented at trial or used as a basis for summary judgment is made "public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." See e.g., Kicklin Engineering L.C. v. Bartell, 439 F.3d 346, 348-49 (7th Cir. 2006). Even confidential information used at trial is provided to all of the parties in the case during the trial. Sometimes information may be privileged and withheld from the opposing party, but such privileged

information cannot be used at trial unless the privilege is waived and the evidence is made available to all parties. See Fed. R. Evid. 501 and 502.

The Court, therefore, cannot allow Murray to file an affidavit under seal and use it as evidence without disclosing the contents to the Defendants. Murray must decide: she may disclose this information and attempt to use the affidavit and possible testimony of the affiant, or she may elect not to use the affidavit and any other evidence from the anonymous affiant.[1]

WHEREFORE Plaintiff's Motion for Protection Order for a Witness Motion for Leave to File Document Under Seal (d/e 208) is DENIED. Pursuant to Local Rule 5.10(A)(4), the sealed document (d/e 217) shall remain sealed and will not be considered by this Court for any purpose.

ENTER: March 2, 2012

                        _s/ Byron G. Cudmore_
                        BYRON G. CUDMORE
                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not ruling on the admissibility or relevance of the affidavit or its contents.