IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHARON MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-3262 |
| | ) | |
| NATIONWIDE BETTER | ) | |
| HEALTH, BARBARA LEY, and | ) | |
| CYNTHIA NORTHRUP, | ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Plaintiff's Objections (d/e 250) to three orders entered by United States Magistrate Judge Byron G. Cudmore (<u>see</u> d/e 228, 229, 230). For the reasons that follow, Plaintiff's Objections are DENIED.

I.  PLAINTIFF'S REQUEST FOR ORAL ARGUMENT IS DENIED

Plaintiff has requested oral argument on her objections. This request is denied. The issues have been fully briefed, and Plaintiff has had an ample opportunity to present her claims.

## II. STANDARD OF REVIEW

A magistrate judge may hear and determine matters that are not dispositive of a claim or defense. See Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). When a district court considers objections to a magistrate judge's ruling on a nondispositive matter, the magistrate judge's disposition will be set aside only if it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). When a district court considers objections to a magistrate judge's ruling on a dispositive matter, the court reviews de novo any part of the ruling to which a proper objection has been made. See 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

Judge Cudmore's rulings on Plaintiff's motion for recusal and motion seeking a protective order were rulings on nondispostive matters and will be reviewed under the clearly erroneous or contrary to law standard of review. See Gilbert-Mitchell v. Lappin, 2010 WL 118397, at *1 (S. D. Ill. 2010) (reviewing a magistrate judge's order to not recuse himself for clear error because it was not dispositive); Sann v. Mastrian,

2011 WL 4068431, at *1 (S.D. Ind. 2011) (finding that a magistrate judge's ruling on a motion for a protective order is reviewed under the clearly erroneous or contrary to law standard).

Whether the ruling on the motion for an order to show cause is a dispositive or nondispositive motion is unclear. See <u>Commodity Futures Trading Com'n v. Velazquez</u>, 2007 WL 1673218, at *2 (N.D. Ill. 2007) (noting that "[t]he idea of a show cause motion is to hold a hearing, at which the factfinder will ultimately evaluate whether a finding of contempt . . . is appropriate" but refusing to definitively decide the standard-of-review issue, instead finding that, under either standard of review, the district court would agree with the magistrate judge). However, as discussed further below, Plaintiff failed to file specific objections to Judge Cudmore's Opinion on the motion for an order to show cause. "If an objector fails to adhere to the specificity requirement of Federal Rule of Civil Procedure 72(b), the district judge will apply the (highly deferential) clearly erroneous standard of review." <u>Pennington v. Commission of Social Security</u>, 2011 WL 1299617, at *1 (S.D. Ill.

2011).

## III. ANALYSIS

A. Judge Cudmore's Ruling on Plaintiff's Motion
   Seeking Recusal (d/e 228)

In January 2012, Plaintiff filed a Motion seeking the recusal of Judge Cudmore (d/e 209). On March 1, 2012, Judge Cudmore entered an Opinion denying the Motion (d/e 228). Judge Cudmore first noted that Plaintiff could not bring her Motion under 28 U.S.C. § 144[1] because Plaintiff did not have counsel of record and therefore could not file "a certificate of counsel of record stating that [the affidavit that a party must file with facts and reasons for the belief that bias exists] is made in good faith." 28 U.S.C. § 144. Judge Cudmore then addressed

---

[1] "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
   The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144.

Plaintiff's motion under 28 U.S.C. § 455(a)[2] and § 455(b)[3].

Judge Cudmore found (1) Plaintiff failed to present evidence that circumstances existed that would cause a well-informed, thoughtful observer to question his impartiality (28 U.S.C. § 455(a)); and (2) Plaintiff (a) failed to present evidence of some matter unrelated to rulings or comments made in this case or a previous case that demonstrated bias or prejudice and (b) the rulings and possible expressions of personal opinion in this case or a prior proceeding did not provide a basis for recusal (28 U.S.C. § 455(b)). Plaintiff objects to Judge Cudmore's decision on a number of grounds.

First, Plaintiff objects to Judge Cudmore's refusal to consider her motion pursuant to 28 U.S.C. § 144. However, Judge Cudmore did not err. Courts have construed § 144 as preventing a pro se litigant from

---

[2] "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455.

[3] Providing various grounds under which a judge shall disqualify himself, including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" or "has a financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(1), (3).

using § 144 to disqualify a judge. See Robinson v. Gregory, 929 F.Supp. 334, 337 (S.D. Ind. 1996) (stating that "[t]he statutory language of Section 144 appears to prevent a pro se litigant from using Section 144 to obtain disqualification of the presiding judge" and noting that pro se litigants "can raise exactly the same issues under 28 U.S.C. § 455").

Second, Plaintiff objects on the ground that Judge Cudmore used "irrelevant information to render [the] opinion such as the decision in case 08-cv-3159[.]" (Objection, p. 4). However, Plaintiff raised Case No. 08-3159 (Plaintiff's previous lawsuit against AT&T Mobility Inc. (AT&T)) as a basis for her belief that Judge Cudmore should recuse himself. See Motion to Recuse (d/e 209), p. 5 ("Judge Cudmore should have already disqualif[ied] himself because he has personal knowledge regarding a case 08-cv-03159, whereas any reasonable person could conclude Judge Cudmore has [a] personal interest in the outcome of this case 10-cv-03262 due to some of his orders in case 08-cv-03159"). Plaintiff cannot now object that Judge Cudmore considered Case No. 08-3159.

Plaintiff also objects to the Opinion by pointing to alleged evidence of prejudice or bias, including Judge Cudmore's (1) exercising control over a third party in Case No. 08-3159 despite repeatedly stating in this case that he had no authority over AT&T and its employees when Plaintiff sought to force compliance of those parties; (2) striking at least three of Plaintiff's filings; and (3) allowing a stay of discovery. The Court denies Plaintiff's objections.

Judicial rulings and comments made during the course of a case are generally not a basis for disqualification. Hook v. McDade, 89 F.3d 350, 355 (7th Cir. 1996). The one exception is where the judge's rulings or expressions of personal opinions with an on-going case or prior case "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). This Court has carefully reviewed the rulings identified by Plaintiff and finds that none of them indicate bias or prejudice by Judge Cudmore. This Court also notes that Judge Cudmore did not enter the stay of discovery.

Finally, Plaintiff states that Magistrate Judge Charles H. Evans was originally the magistrate judge in the case and asks that he be reassigned. This Court advises Plaintiff that Judge Evans retired in October 2011.

Because Judge Cudmore's decision was neither contrary to law nor clearly erroneous, Plaintiff's objections are denied.

B. Judge Cudmore's Ruling on Plaintiff's Motion For a Protection Order (d/e 229)

On January 23, 2012, Plaintiff filed a Motion for Protection Order for a Witness, Motion for Leave to File Document Under Seal (d/e 208). In the Motion, Plaintiff asked that she be permitted to file a witness's affidavit under seal to protect the witness's identity because the witness feared retaliation by Defendants, Sedgwick, and AT&T Mobility. The affidavit, which is in the court record filed under seal and unavailable to Defendants, contains the affiant's name. Plaintiff does not want to disclose the identity of the affiant or the contents of the affidavit to Defendants.

On March 2, 2012, Judge Cudmore entered an Opinion denying Plaintiff's Motion. See d/e 229. Judge Cudmore noted that Plaintiff

must disclose the identity of witnesses and disclose the documents she may use to support her claim and supplement those disclosures.  See Opinion pp. 1-2 (citing Fed. R. Civ. P. 26(a)(1)(i) & (ii); Fed. R. Civ. P. 26(e)).  Judge Cudmore found that Plaintiff could only keep the affidavit sealed if non-disclosure was substantially justified, and Judge Cudmore found that Plaintiff failed to meet that burden.

Specifically, Judge Cudmore found that information may sometimes be shielded from the public through a protective order, but if used at trial, such evidence is provided to all the parties.  Judge Cudmore also noted that privileged information may be withheld from an opposing party, but such information cannot be used at trial unless the privilege is waived and the evidence is made available to all parties.  See Opinion p. 3 (citing Fed. R. Evid 501 and 502).  Judge Cudmore advised Plaintiff that she must either disclose the information and attempt to use the affidavit and possible testimony of the affiant or elect not to use the affidavit and any other evidence from the anonymous affiant.

Plaintiff objects to Judge Cudmore's Opinion on the ground that

Plaintiff disclosed the identity of the person who provided the affidavit in her Rule 26(a) disclosures. Plaintiff also asserts that she should be allowed to withhold the identity of the affiant because:

> [Attorney] Warner[4] had already contacted one victim witness in an inappropriate way and the court did nothing about it, there is no reason to believe Mr. Warner would not contact this victim/witness and the witness is scared and clearly advised the court of fear, additionally Plaintiff brings a 3rd victim/witness to attention Ms. Maylena Thorton within about 30 days after providing Plaintiff with affidavit is called into AT&T Joe Bartley's office and was told they were going to fire her.

Objections (d/e 250), p. 10.

Defendants, in their response, assert the fact that:

> the identity of the anonymous affiant hides among the 43 individuals named in Plaintiff's initial disclosures does not cure the inherent defect in [Plaintiff's] argument: Defendants still would not know the identity of the affiant or the contents of the affidavit.

Defendants also object to Plaintiff's arguments regarding Attorney

---

[4] Attorney Michael A. Warner, Jr. entered his appearance in this case on behalf of nonparties AT&T, Christopher Myers, Nancy (Wells) Vansyoc, and Gaye Ann Pusch. See d/e 141.

Warner and Maylena Thorton because those arguments were not raised in the Motion and cannot be raised now.

Plaintiff is asking that she be allowed to submit evidence in the form of an affidavit to this Court without disclosing to Defendants the identity of the affiant or the information contained in the affidavit. Judge Cudmore's denial of this request was neither contrary to law nor clearly erroneous.

Federal Rule of Civil Procedure 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Plaintiff failed to demonstrate good cause for allowing her to present evidence to this Court that would not be disclosed to Defendants. See, e.g., Quair v. Bega, 232 F.R.D. 638, 641 (E.D. Cal. 2005) (finding the petitioners failed to show good cause for a protective order that would conceal the identity of trial witnesses from everyone but "outside attorneys"; the court found that the order would prevent the respondents from meaningfully investigating the petitioner's

claims). Therefore, Plaintiff's objections are denied.

      C.     Judge Cudmore's Ruling on Plaintiff's Motion
           for an Order to Show Cause (d/e 230)

On January 26, 2012, Plaintiff filed a Motion for an Order to Show Cause (d/e 211). In the Motion, Plaintiff requested the Court issue an order to show cause why: (1) Attorney Warner should not be held in contempt for his failure to communicate with Plaintiff and breaching his duties to his clients and as an officer of the Court; (2) Attorney Warner and AT&T should not be held in contempt for their violation of a court order to preserve evidence in case No. 08-3159; (3) Attorney Warner and Gaye Ann Pusch should not be held in contempt for failing to respond to discovery; and (4) Attorney Warner and Christopher Meyers should not be held in contempt for failing to respond to discovery.

On March 2, 2012, Judge Cudmore entered an Opinion (d/e 230) granting in part and denying in part Plaintiff's Motion. Specifically, Judge Cudmore found that Pusch and Meyers were subject to the jurisdiction of the Court, had notice of Plaintiff's Motion, and failed to respond. Therefore, the Court issued an order to show cause directing

Pusch and Meyers to appear in person or by their attorney to show cause why they should not be held in contempt of court. Judge Cudmore denied Plaintiff's remaining requests, finding (1) AT&T had not entered an appearance in the case and was not subject to the personal jurisdiction of the Court; (2) Plaintiff failed to set forth facts indicating how Attorney Warner violated an order of the Court or committed a contemptuous act in the presence of the Court; and (3) because Case No. 08-3159 was closed, the Court could not properly consider an alleged violation of an order in that case.

Plaintiff objects to Judge Cudmore's ruling but fails to identify the basis for her objection. This Court need only review de novo those portions of the ruling to which a proper objection has been made. See 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3). Therefore, this Court will apply a clearly erroneous standard of review. See Pennington, 2011 WL 1299617, at *1. After reviewing the parties pleadings and the documents in the record, the Court finds Judge Cudmore's Opinion neither contrary to law nor clearly erroneous.

This Court notes that a very liberal reading of Plaintiff's Objections (d/e 250) suggests that Plaintiff may be objecting on the basis that Judge Cudmore found that the Court did not have personal jurisdiction over AT&T. This Court notes that Attorney Warner entered his appearance on behalf of AT&T, Pusch, Meyers, and Nancy (Wells) Vansyoc. See d/e 141.

However, Plaintiff sought a contempt finding against AT&T for violation of a court order to preserve documents in Case No. 08-3159. Even applying a de novo review, this Court finds Judge Cudmore did not err in concluding that AT&T should not be required to show cause why AT&T did not allegedly comply with an order to preserve documents in Case No. 08-3159, which is closed and was affirmed on appeal by the Seventh Circuit. See Murray v. AT&T Mobility LLC, No. 09-3334 (April 15, 2010).

Therefore, this Court denies Plaintiff's objection to Judge Cudmore's Opinion (d/e 230).

## IV.  CONCLUSION

For the reasons stated, Plaintiff's Objections (d/e 250) to Judge Cudmore's Opinions (d/e 228, 229, 230), are DENIED.

ENTER:     April 25, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
