IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHARON MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-3262 |
| | ) | |
| NATIONWIDE BETTER | ) | |
| HEALTH, BARBARA LEY, and | ) | |
| CYNTHIA NORTHRUP, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on Plaintiff Sharon Murray's Objections (d/e 310) to the order entered by United States Magistrate Judge Byron G. Cudmore on July 19, 2012 (d/e 308) and the Objection filed by Defendants' Nationwide Better Health (Nationwide), Cynthia Northrup, and Barbara Ley (d/e 312). Plaintiff has also requested the opportunity to explain verbally why the documents she has identified are within the scope of limited discovery. See d/e 315.

Plaintiff's request for a hearing and her objections are DENIED,

and Defendants' objection is GRANTED.

## I. BACKGROUND

In June 2011, Defendants filed a Motion for Summary Judgment raising primarily legal issues with regard to Plaintiff's federal claims. Defendants supported the Motion, in part, with an affidavit of Defendant Northrup, the Director of Leave and Disability for Nationwide. See d/e 108-2. In the affidavit, Northrup states that between 2006 and 2008, she was the Manager of Leave and Disability for Nationwide and managed the department that administered leave and disability claims for Nationwide as third-party administrator for AT&T Mobility LLC (formerly Cingular Wireless). Northrup authenticated the pertinent pages of the contract between AT&T and Nationwide for third-party administrator services. Northrup also stated that (1) Nationwide provided third-party administrative services to AT&T for family and medical leave and disability claims for AT&T employees; (2) Nationwide did not have the ability to hire, fire, assign, or direct the work of AT&T employees; (3) Nationwide did not exercise control over the working

conditions of AT&T employees; and (4) Nationwide was an independent contractor with its own employees and a separate and distinct company from AT&T.

In July 2011, this Court entered an order staying discovery with the exception that Plaintiff be entitled to conduct limited discovery necessary to respond to Defendants' Motion for Summary Judgment. See d/e 134. The Court limited discovery to the following issues: "(1) whether Nationwide Better Health is a 'covered employer' under the FMLA; and (2) whether Nationwide Better Health, Northrup, or Ley are 'fiduciaries' of a 'plan' under ERISA." Opinion, p. 8. The Court also permitted Plaintiff to "conduct discovery regarding any agreements, policies, or contracts entered into between Nationwide Better Health and Plaintiff's former employer during the relevant time and relating to the two issues cited above." Opinion, p. 8-9. Finally, the Court allowed Plaintiff to "obtain discovery from Northrup and Baugh regarding the information provided in their Affidavits" in support of summary judgment. Opinion, p. 9.

In August 2011, Judge Cudmore entered an order permitting Plaintiff to conduct a deposition by telephone of Northrup. See Opinion p. 8 (d/e 150). Plaintiff objected to this ruling, but this Court denied Plaintiff's objections. See d/e 171.

On May 18, 2012, Northrup sat for a deposition. A dispute arose during the deposition, and the Court was contacted. See May 18, 2012 Minute Entry. The Court instructed Plaintiff to submit her objections in writing and obtain a copy of the transcript of the deposition. Id. On June 12, 2012, the Court, after listening to the audio recording of the depositions provided to the Court by Plaintiff, found it would be unduly burdensome to require Plaintiff to identify the specific objections by defense counsel that she challenged. Instead, the Court directed Plaintiff to submit in writing the questions she wanted to ask Northrup (within the limitations of discovery) to be answered under oath and in writing by Northrup. Text Order of June 12, 2012.

Plaintiff thereafter objected to having to write out her questions. See d/e 301. On June 19, 2012, the Court gave Plaintiff two choices:

Plaintiff could submit in writing her questions to Northrup to be answered under oath and in writing <u>or</u> she could conduct a second deposition of Northrup, at Plaintiff's expense, in the presence of Judge Cudmore. Text Order of June 19, 2012. Plaintiff chose the second option. <u>See</u> d/ 302.

Judge Cudmore held a hearing to establish the ground rules and procedures for the deposition. <u>See</u> d/e 305. Judge Cudmore held that the scope of the deposition was limited by the Opinions (d/e 134, 150, 171), the deposition would be limited to four hours, and once the deposition began, defense counsel and Northrup were prohibited from having any private conferences. <u>See</u> d/e 305. (Defendants indicate that during the hearing, Judge Cudmore also stated that a one-hour break would occur after the first two hours). Judge Cudmore also directed Plaintiff to e-file any documents or exhibits that she intended to use during the deposition, along with a list of documents she is requesting Northrup bring to the deposition. <u>Id.</u>

On July 16, 2012, Plaintiff filed a document identifying (1)

documents she wanted Defendants to produce (listed in 20 numbered paragraphs) and (2) documents Plaintiff intended to present during the deposition (identified by docket number and including over 50 sets of documents).  See Notice (d/e 306).  On July 17, 2012, Defendants objected to Plaintiff's Notice on the grounds that (1) the documents requested by Plaintiff relate to calculation of Plaintiff's leave for AT&T, short-term disability, and calculation of FMLA leave– issues that exceed the scope of the stay of discovery and which are not subjects at issue in this litigation; and (2) the documents Plaintiff intended to introduce during the deposition were outside the scope of the discovery allowed by the Court.  See d/e 307.  Defendants also objected to Judge Cudmore's limitation on defense counsel conferring with their client, Northrup, during the deposition.  Id. at footnote 1.

On July 19, 2012, Judge Cudmore entered an Order finding the following documents were within the scope of discovery: (1) the Agreement between Nationwide's predecessor Gates, McDonald and Company (Gates McDonald) and AT&T's predecessor Cingular Wireless,

LLC (d/e 253-1 through 253-10); (2) the 2007 W-2 and Earnings Summary filed with the Court (d/e 159-19); and (3) the Cingular Wireless Attendance Only Term Verification Request of FMLA, LOA and/or Disability Claim Status form filed with the Court (126-1). Judge Cudmore also refused to modify the direction that once the deposition had begun, defense counsel and Northrup were prohibited from having any private conferences. Judge Cudmore noted that "[t]he Court wants the deposition to proceed and be completed in a timely fashion. Conferences will only cause delay." d/e 308, p. 4.

Both parties have filed objections to Judge Cudmore's Order.

## II. STANDARD OF REVIEW

A magistrate judge may hear and determine matters that are not dispositive of a claim or defense. See Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Routine discovery matters are generally considered nondispositive. Westefer v. Snyder, 472 F. Supp. 2d 1034, 1036 (S.D. Ill. 2006). When a district court considers objections to a magistrate judge's ruling on a nondispositive matter, the magistrate judge's

disposition will be set aside only if it is clearly erroneous or contrary to law.  Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).  "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. United States Gypsum, Co., 333 U.S. 364, 395 (1948).

### III.  ANALYSIS

A.    Plaintiff's Objections Are Denied

In her objections, Plaintiff asserts that Judge Cudmore improperly limited Plaintiff's requests regarding the documents to be produced and reviewed at Northrup's deposition.  In particular, Plaintiff asserts that the "AT&T Integrated Disability Service Center Short Term Disability Step Process Disability Specialist 1, 2 and 3" document (AT&T Integrated Disability Service Center document) (d/e 218-1 through 218-3) and Summary Plan Description, AT& T Mobility Disability Benefits Program (SPD) (d/e 218-4), within which, according to Plaintiff, "the Disability directors are spelled out"is within the scope of discovery because Plaintiff

is allowed to question Northrup about her duties under ERISA.

The AT&T Integrated Disability Service Center Document appears to be a set of internal AT&T documents that provide the general guidelines for managing a claim.  The SPD describes the AT&T benefits program.

Northrup works for Nationwide, not AT&T.  Moreover, nothing in the documents relates to the issues identified by the Court when setting the scope of discovery (i.e., whether Nationwide is a covered employer under the FMLA, whether Northrup is a fiduciary under ERISA) or addresses Northrup's duties under ERISA.  Judge Cudmore's ruling that these documents fell outside the scope of discovery allowed by this Court's stay was neither clearly erroneous nor contrary to law.

This Court has also reviewed the remaining documents Plaintiff requested Defendant Northrup bring to the deposition and that Plaintiff intended to use at the deposition.  See Plaintiff's "Compliance" document (d/e 306).  Judge Cudmore's determination that, with the exception of the Agreement (d/e 253-1 through 253-10), the 2007 W-2

and Earnings Summary (d/e 159-19), and the Attendance Only Term Verification Request (d/e 126-1), the documents Plaintiff requested and sought to use at the deposition are outside the scope of the limits of discovery was not clearly erroneous or contrary to law. The excluded documents primarily pertain to calculation of Plaintiff's leave while employed by AT&T, whether leave runs concurrently, and policies pertaining to short-term disability, which are issues beyond the scope of the discovery limits. By way of example, one of the documents Plaintiff wanted to use at the deposition is a "transcript" of an October 15, 2008 scheduling conference in Plaintiff's earlier litigation with AT&T (d/e 218-5). The Court fails to see how that would have any relevance to the issues within the scope of discovery in this litigation. Plaintiff's objections are denied.

B.   Defendants' Objection Is Granted

Defendants object to Judge Cudmore's Order to the extent it prohibits defense counsel and Northrup from having any private conference once the deposition has begun. Defendants assert that

defense counsel has "no desire or intent to confer with Ms. Northrup while a question is pending or to prolong Ms. Northrup's deposition with unnecessary breaks or conferences." Def. Objections, p. 10 (d/e 313). Defendants express concern, however, about the absolute prohibition on conferences once the deposition has begun, including during the pre-scheduled one-hour break. This Court agrees.

This Court recognizes that she assigned to Judge Cudmore the duty to oversee the deposition of Northrup and is reluctant to interfere with Judge Cudmore's procedure and limitations. However, the Court finds that the blanket prohibition on conferences between defense counsel and Defendant Northrup is contrary to law.

Even the most restrictive of the cases that have addressed restrictions on conferences between a deponent and his lawyer during a deposition has allowed such conferences when the purpose of the conference is to decide whether to assert a privilege. Hall v. Clifton Precision, 150 F.R.D. 525, 529 (E.D. Penn. 1993) (prohibiting any conferences between a deponent and his lawyer except when the purpose

of the conference is to decide whether to assert a privilege). Moreover, several cases have held that the Hall case goes too far by prohibiting any conferences except when the purpose of the conference is to decide whether to assert a privilege. For example, In re Stratosphere Corp. Securities Litigation, 182 F.R.D. 614, 621 (D. Nev. 1998), the court agreed with the Hall court's goal of preventing the coaching of witnesses but declined to adopt the Hall court's "strict requirements." Id. at 621. The Stratosphere court held:

> This Court will not preclude an attorney, during a recess that he or she did not request, from making sure that his or her client did not misunderstand or misinterpret questions or documents, or attempt to help rehabilitate the client by fulfilling an attorney's ethical duty to prepare a witness. So long as attorneys do not demand a break in the questions, or demand a conference between questions and answers, the Court is confident that the search for truth will adequately prevail.

Id.; see also McKinley Infuser, Inc. v. Zdeb, 200 F.R.D. 648, 650 (D. Colo. 2001) (following Stratosphere); see, e.g., Ecker v. Wisconsin Central Ltd., 2008 WL 1777222, at *3 (E.D. Wisc. 2008) (finding that "mere fact that counsel for the defendant privately conferred with the

witness during a break after the plaintiff completed his examination does not warrant sanctions," but also suggesting that private conferences that occurred when opposing counsel was questioning the witness or when a question was pending would be improper).

In addition, the American Bar Association, in its 2004 Civil Discovery Standards, takes the position that an attorney for a deponent may have a private conference with the deponent during the deposition only to "determine whether a privilege should be asserted or to enforce a court-ordered limitation on the scope of the discovery." ABA Civil Discovery Standards, p. 34. The ABA also takes the view that an attorney for the deponent can communicate with the deponent during a recess. Id.

In light of the reasoning of Stratosphere and McKinley, and in consideration of the ABA Civil Discovery Standards, this Court finds that Judge Cudmore's blanket prohibition on defense counsel having a private conference with Northrup during the deposition is overly broad. Therefore, this Court holds that defense counsel may have a private

conference with Northrup during a recess that counsel did not request (and so long as a question is not pending), during the hour break already scheduled by the Court, and at any time for the purpose of determining whether a privilege should be asserted.

## IV.  CONCLUSION

For the reasons stated, Plaintiff's Objections (d/e 310) are DENIED and Defendants' Objection (d/e 312) is GRANTED.  Judge Cudmore's July 19, 2012 Order (d/e 308) is modified to permit defense counsel to confer with Northrup during the deposition under the parameters set forth in this Opinion.  The remainder of Judge Cudmore's Order is affirmed.

ENTER: August 24, 2012

FOR THE COURT:

                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE