IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-3262 |
| | ) |
| NATIONWIDE BETTER | ) |
| HEALTH, BARBARA LEY, and | ) |
| CYNTHIA NORTHRUP, | ) |
| | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on Plaintiff Sharon Murray's Motion For Change In Venue (d/e 317). For the reasons that follow, Plaintiff's Motion is DENIED.

## I. BACKGROUND

Plaintiff filed this lawsuit in October 2010 against Nationwide Better Health, Barbara Ley, and Cynthia Northrup, alleging violations of the Family and Medical Leave Act (FMLA) (29 U.S.C. § 2601 et seq.), the Employment Retirement Income Security Act (ERISA) (29 U.S.C. §

1001 et seq.) (ERISA), violations of her constitutional rights, and various state-law claims. The Complaint also alleges a perjury claim pursuant to 18 U.S.C. § 1621 and 28 U.S.C. §1746.

Defendant Nationwide Better Health was the third-party administrator who handled FMLA leave and short-term disability claims for Plaintiff's employer, AT&T Mobility, LLC (located in Springfield, Illinois). Defendants Northrup and Ley were employees of Nationwide Better Health. Venue is proper in this district because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. 1391(b)(2) (2010);[1] see also Pl. Cmplt. p. 22 of 23 (d/e 1); Defs. Amd. Answer p. 30 (d/e 107) (admitting venue is proper in this Court).

## II. ANALYSIS

Plaintiff has moved for a change in venue. Plaintiff asserts that due

---

[1] The Federal Courts Jurisdiction and Venue Clarification Act of 2011, which amended the venue statutes, is effective only for those suits commenced on or after January 6, 2012. See MB Financial, N.A. v. Stevens, 678 F.3d 497, 498 (7th Cir. 2012). Therefore, this Court cites the pre-2012 version of the venue statues.

to various issues (her mother-in-law's health, the foreclosure on Plaintiff's home), she must move to New Jersey to be near her family. Plaintiff also asserts that she does not believe she can receive a fair trial in this Court. Plaintiff requests this Court transfer the case to the United States District Court for New Jersey in Camden.

Defendants object to the Motion For Change In Venue. Defendants assert that while they empathize with Plaintiff's situation, Plaintiff has not met her burden of showing that transfer of this case is warranted.

The applicable version of Section 1404(a) of 28 United States Code, which governs change of venue in cases filed before January 6, 2012, provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (2011). The moving party must show that (1) venue is proper in the current district and would be proper in the transferee district; (2) "the transferee district is more convenient for both

the parties and witnesses," and (3) "transfer would serve the interests of justice." Gueorguiev v. Max Rave, LLC, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). The moving party bears the burden of proving the transferee district is more convenient. Id. at 857.

Plaintiff has failed to meet her burden. Plaintiff has not shown that she could have brought this action in the New Jersey District Court (see 28 U.S.C. § 1404(a)) because venue would not have been proper in New Jersey. The applicable venue statute provides that, in cases where jurisdiction is not founded solely on diversity of citizenship, a civil action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (2011). Subsection (b)(1) does not apply because Plaintiff has not demonstrated that all defendants reside in New Jersey.

At the very least, the record demonstrates that Cynthia Northrup resides in Ohio.  <u>See</u> Notice of Deposition (d/e 281, 289) (showing Northrup's deposition was to occur in Ohio); Defs. Response, p. 4 (d/e 320) ("Just looking at defendants Ms. Northrup and Ms. Ley, it is readily apparent that neither resides in New Jersey."); Northrup Summons (d/e 10) (showing service in Ohio); <u>see also</u> Ley Summons (d/e 8) (showing service in Ohio).

   Further, Subsection (b)(2) does not apply because a substantial part of the events or omissions giving rise to the claim did not occur in New Jersey.  Finally, subsection(b)(3) does not apply because there is a district in which the action may otherwise be brought(this one, the Central District of Illinois, Springfield Division).  Because New Jersey is not a proper venue for this action, New Jersey is not a district where the action might have been brought, and Section 1404(a) prohibits transfer there.

   Further, even if New Jersey were a district where the action might have been brought, Plaintiff has not met her burden of showing transfer will serve the convenience of the parties, the convenience of the

witnesses, and the interests of justice.  See Bryant v. ITT Corp., 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999) (citing relevant factors).  While New Jersey may be a more convenient forum for Plaintiff, New Jersey is not necessarily a more convenient forum for Defendants or the witnesses.  Some of the potential witnesses[2] from whom Plaintiff has attempted to obtain discovery live in Illinois.  See Subpoenas to Salma Mallet (d/e 59) (Chicago, Illinois); Gaye Ann Pusch (d/e 61) (Auburn, Illinois); Nancy Wells (d/e 63) (Springfield, Illinois); Kimberly White (d/e 64) (Chicago, Illinois).  Several other potential witnesses do reside in neither Illinois nor New Jersey.  See Subpoenas to Christopher Meyers (d/e 60) (Atlanta, Georgia); Darlene Webster (d/e 62) (Atlanta, Georgia); Bettina Yip (d/e 65) (Atlanta, Georgia).  This Court finds that, considering all the factors, Illinois is the more convenient forum in light of the potential witnesses and because it is the situs of the material events.

This Court further finds that transfer will not serve the interests of

---

[2] Plaintiff did not identify in her motion which witnesses she might call.  The Court, by listing these potential witnesses, is not determining whether these witnesses are relevant to the cause of action.

justice.  See Rohde v. Central R.R. of Indiana, 951 F. Supp. 746, 748 (N.D. Ill. 1997) (noting that the interests of justice factor includes "ensuring a speedy trial, resolving local controversies locally, and trying related litigation in the same forum").  This case has been pending for nearly two years and a summary judgment motion has been pending since September 2011.  Transferring this case to another district will only delay the case further.  In addition, Plaintiff's related litigation–her lawsuit against AT&T–was litigated in this forum.  See Murray v. AT&T Mobility LLC, 374 Fed. Appx. 667 (7th Cir. 2010) (affirming district court's award of summary judgment in favor of defendant).  The interests of justice are better served by keeping this case here as opposed to transferring the case to New Jersey.

    Plaintiff also argues the case should be transferred because she cannot receive a fair trial in this Court.  Plaintiff points to Judge Cudmore's order denying Plaintiff's Motion for Leave to Amend Complaint and Joinder of Parties (d/e 205) and asserts that "some comments made by Judges gives the appearance this case has already

been predetermined." Pl. Mot. p. 3 (d/e 317).

This Court denied Plaintiff's objections to Judge Cudmore's order denying Plaintiff's Motion for Leave (see March 5, 2012 minute entry). Plaintiff's subsequent Motion for Recusal of Judge Byron G. Cudmore was denied by Judge Cudmore (d/e 228), and this Court denied Plaintiff's objections to that Order (d/e 275). In any event, this Court finds no basis on which to allow Plaintiff to transfer the case to an improper venue based on her bare speculation that she cannot receive a fair trial in this Court. As stated in Boalbey v. Whiteside Cnty. Bd., 1992 WL 373038, at *2 (N.D. Ill. 1992):

> This court knows of no provision within Title 28 of the United States Code, no Federal Rule of Civil Procedure nor any case law which would allow a plaintiff, based on bare assertions that he cannot receive a fair hearing, to change venue to another circuit where the action could not have been brought before any district court. Nor does the record disclose any basis for a change of venue. Therefore, plaintiff's motion for change of venue is denied.

Likewise here, Plaintiff's Motion For Change of Venue is denied.

As a final note, Plaintiff asks that she "return to conventional filing

due to continued technical issues with the ECF system she experiences being near the court house is required." The ECF system should work for Plaintiff regardless of her location. However, if she wishes to return to conventional filing, the Court requests that she confirm this by filing a Notice to Return to Conventional Filing.

### III.  CONCLUSION

For the reasons stated, Plaintiff's Motion For Change in Venue (d/e 317) is DENIED.

ENTERED: September 28, 2012

FOR THE COURT:

                                                  Sue E. Myerscough  
                                           SUE E. MYERSCOUGH  
                        UNITED STATE DISTRICT JUDGE