IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-cv-3262 |
| ) | |
| NATIONWIDE BETTER HEALTH, ) | |
| BARBARA LEY, and ) | |
| CYNTHIA NORTHRUP, ) | |
| ) | |
| Defendants. ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on two Motions. The first is

Plaintiff Sharon Murray's combined Motion (d/e 350) (Motion 350) styled:

1. Motion to Compel Production of The Most Updated Version of the "Cingular Wireless Attendance Only Term Verification Request of FMLA, LOA, and or/Disability Claims Status (must be completed and approved prior to termination)" Including all Metadata Related.  Compel Production of Barbara Ley, Witnesses Corrine (Jarrett) Archer (NCM-NBH), Chrissy Cauger and Newly Discovered Relevant to the Stay Discovery Witness Darlene Webster.  Compel Defense Consul to Disclose Who Provided Them with Information to Respond to Plaintiff's Complaint and Prepare a Summary Judgment Motion and Disclose the "Authorized" Representative of Nationwide Better Health.

2. Motion for Continuance To Complete Discovery FRCP 6, FRCP 56, Local Rule 6.1

    3.    FRCP 56, frcp 30 Motion to Perpetrate Testimony from Barbara Ley, Corrine (Jarrett) Archer (NCM-NBH), Chrissy Cauger, Gaye Ann Pusch, Darlene Webster.  OR IN THE ALTERNATIVE 56(c)(d)(1) defer considering the motion or deny it.

The second Motion is Defendants' styled, "Motion for An Order Prohibiting Plaintiff from Contact or Attempted Contact with Defendants and Requiring Plaintiff to Comply with Protective Order" (d/e 352) (Motion 352).  For the reasons set forth below, Motion 350 ¶¶ 1 and 2 are ALLOWED in part; Motion 350 ¶ 3 is DENIED; and Motion 352 is ALLOWED in part.

## BACKGROUND

Murray's underlying complaint concerns the termination of her employment at AT&T Mobility f/k/a Cingular Wireless (AT&T).  The District Court stayed most discovery in this case pending the resolution of the Defendants Nationwide Better Health, Barbara Ley, and Cynthia Northrup's Motion for Summary Judgment and Other Relief (d/e 108) (Summary Judgment Motion).  Opinion entered July 11, 2011 (d/e 134) (Opinion 134), at 8.  The Defendants seek summary judgment on several grounds.  Two of the grounds raised are that Nationwide Better Health was not a "covered employer" of Murray under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., and the Defendants were not fiduciaries or plans under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.

§ 1001 et seq.  The District Court stayed all discovery except discovery related to the following issues:

> Discovery will be limited to the issues raised in the Motion for Summary Judgment regarding Plaintiff's federal claims, specifically: (1) whether Nationwide Better Health is a "covered employer" under FMLA; and (2) whether Nationwide Better Health, Northrup, or Ley are "fiduciaries" or a "plan" under ERISA.

Opinion 134, at 8-9.  The District Court also allowed Murray to depose non-party Deborah Baugh and Defendant Cynthia Northrup regarding the content of their affidavits submitted in support of the Summary Judgment Motion, and to conduct discovery regarding any relevant agreements between AT&T and Nationwide Better Health.  Opinion 134, at 8-9.

In light of the partial stay of discovery, this Court entered a protective order authorizing Murray to propound ten written questions that concerned the topics allowed under the partial stay to certain individuals, including Defendant Ley and Nationwide Better Health employee (or former employee) Chrissy Cauger.  Opinion entered August 31, 2011 (d/e 150) (Opinion 150), at 6, affirmed Opinion entered September 28, 2012 (d/e 171), at 8.

On December 5, 2012, and May 15, 2013, Murray conducted the depositions of Northrup and Baugh, respectively.  The depositions were conducted before this Court in closed sessions.  The Court's recording

system was used to record the depositions. The Court provided the parties with sealed copies of the recordings in accordance with Federal Rule of Civil Procedure 30(f)(1). Rule 30(f)(1) requires the presiding officer at a deposition to provide copies of the recording sealed in an envelope to the attorney or pro se party who requested the recording. The Court further directed that the recordings of the depositions in the Court's records be sealed and not put on the public record because the depositions were closed proceedings.

At the close of the May 15, 2013, deposition, Murray indicated that she needed more time to conduct discovery. She stated that she needed additional time to send the ten written questions to Defendant Ley and non-party witness Cauger. Defense counsel opposed any extension on the grounds that Murray had ample time to complete discovery allowed under the stay. The Court directed Murray to respond to the Summary Judgment Motion by June 17, 2013. The Court also directed Murray to file a motion if she needed additional time to conduct discovery. The pending Motions followed.

ANALYSIS

Motion 350 ¶ 1

Motion 350 ¶ 1 asks the Court to compel several different types of discovery. The Court will address each type of discovery sought.

1. Depositions of Pusch, Cauger, and Webster

Murray asks the Court to compel the depositions of Nationwide Better Health employees (or former employees) Corrine (Jarrett) Archer and Cauger; and AT&T employees (or former employees) Gaye Ann Pusch and Darlene Webster. Testimony from the Baugh and Northrup depositions indicate that Archer, Cauger, Pusch, and Webster were involved in determining that Murray exhausted her FMLA leave prior to the termination of her employment at AT&T. Murray wants to depose these four individuals about the preparation of Cingular Wireless Attendance Only Term Verification Request of FMLA, LOA and/or Disability Claim Status form filed with the Court as d/e 126-1 and used at the two depositions (Form). The Form was one of the three documents Murray was authorized to use as exhibits in the Northrup and Baugh depositions. Opinion entered July 19, 2012 (d/e 308), at 3; Opinion entered April 1, 2013 (d/e 343), at 3. Murray asserts that, "the information provided on this form was used to wrongfully terminate the Plaintiff, thus applicable under the stay." Motion 350, at 3.

The information sought by Murray goes directly to her claim that she was wrongfully terminated. The District Court stayed discovery on this issue. The District Court's stay only allowed discovery on: (1) the topics in the deponent's affidavits; (2) whether Nationwide Better Health was a covered employer under FMLA; (3) whether the defendants were fiduciaries or plans under ERISA; and (4) information regarding any relevant agreements between Nationwide Better Health and AT&T. Northrup and Baugh testified on some or all of these topics. Northrup and Baugh testified that each managed the relationship between AT&T and Nationwide Better Health for the two companies; Baugh for AT&T, and Northrup for Nationwide Better Health. They testified about that relationship. They also testified that Nationwide Better Health was a fiduciary as the administrator of AT&T's ERISA qualified short term disability plan.[1]

The additional discovery sought by Murray does not address these allowed topics. Rather, Murray seeks discovery on allegations of specific wrongful conduct directed toward her. This discovery is not allowed at this

---

[1] Defendants disputed during the depositions whether the Complaint alleges an ERISA claim related to the AT&T short term disability plan. Defendants noted that this Court denied Plaintiff's motion to file an amended complaint that included an ERISA breach of fiduciary duty claim related to the short term disability plan. This Court held that the proposed claim was futile because ERISA does not allow plan beneficiaries to bring claims for damages based on breaches of fiduciary duty. Opinion entered January 12, 2012 (d/e 205), at 6-7.

time by the current stay.  The Court therefore denies her request to conduct these depositions prior to the determination of the Summary Judgment Motion.

Murray seeks discovery on her claim that AT&T and Nationwide Better Health wrongfully failed to preserve material documents.  The District Court specifically stayed discovery on the issue of spoliation or destruction of documents.  Opinion 134, at 9-10.  The Court therefore denies her request to conduct this type of discovery prior to the determination of the Summary Judgment Motion.

Murray attacks Northrup for testifying in her deposition that all of the affidavits that Northrup has ever signed have been notarized.  Murray states that Northrup signed a declaration that was not notarized.  The unsworn declaration was filed in Murray's previous case before this Court, C.D. Ill. Case No. 08-3159.  The declaration filed in Case No. 08-3159 is attached to Motion 350 as Exhibit 14.  It is not clear what Murray seeks to prove in making this observation.  The use of an unsworn declaration in lieu of an affidavit is proper.  Congress has authorized and directed federal courts to accept unsworn declarations signed under penalty of perjury as equivalent to sworn affidavits.  28 U.S.C. § 1746.  Northrup's declaration, attached as Exhibit 14, meets the requirements of § 1746 and was proper.

Furthermore, the existence of the unsworn declaration does not contradict Northrup's deposition testimony that her affidavits were notarized because an unsworn declaration is not an affidavit.

Murray asks the Court to compel the defendants to disclose the persons who have personal knowledge used to respond to her Complaint. The District Court's discovery stay does not allow discovery at this time on the entire Complaint.  The factual issues raised by the Summary Judgment Motion concern the status of Nationwide Better Health as a "covered employer" and the status of all of the defendants as fiduciaries or plans under ERISA.  The stay does not allow discovery into other allegations in the Complaint at this time.  The Court therefore denies her request to conduct this type of discovery prior to the determination of the Summary Judgment Motion.

Murray asks for any updated versions of the completed Form, including any metadata.  Testimony at the depositions indicated that if additional leave time was approved as FMLA leave after the execution of the Form, then a revised Form would have been completed.  Murray seeks such a revised Form, and any metadata related thereto to prove when and how the Form was revised, and by whom.  This line of inquiry again goes to the alleged wrongful conduct that is not put at issue by the Summary

Judgment Motion and is beyond the scope of the topics allowed by the District Court's stay. The Court therefore denies her request to conduct this type of discovery prior to the determination of the Summary Judgment Motion.

Murray asks for the Court to compel the Defendants to identify every person who has personal knowledge that Defendants used to file the Summary Judgment Motion. Murray has deposed the only two persons who provided affidavits in support of the Motion, Baugh and Northrup. The rest of the Summary Judgment Motion depends on legal arguments and the relevant agreement between AT&T and Nationwide Better Health. Murray has a copy of that agreement, and used that agreement in the two depositions. It is unclear what else she needs. Furthermore, she has not propounded any discovery request on the Defendants for this information, by interrogatory or otherwise. Murray must first serve a proper discovery request on Defendants before the Court can compel a response. See Fed. R. Civ. P. 37(a)(3)(B).

Murray asks for a deposition of Defendant Ley. It is unclear why Murray wants to depose her other than she is a named Defendant. Murray presents no information to indicate that Ley has discoverable information within the scope of discovery allowed by the District Court's stay. The

Court also already decided in Opinion 150 not to allow a deposition of Ley during the pendency of the stay.  Therefore, the Court will not order a deposition of Ley at this time.

Murray further has not yet propounded the ten written questions on Ley as authorized by Opinion 150.  Murray has also not propounded the ten authorized questions on Cauger.  Murray blames defense counsel for refusing to cooperate.  Defense counsel disputes Murray's contentions and blames Murray for failing to act. Regardless, the Court will give Murray, a pro se plaintiff, one last chance to present ten questions to Ley and Cauger in accordance with the instructions in Opinion 150.  Murray will serve the written questions for both Ley and Cauger on defense counsel by September 6, 2013.  Ley will provide a response in accordance with the instructions in Opinion 150 by September 30, 2013.

Cauger may no longer work for Nationwide Better Health.  Therefore, defense counsel will file a written notice by September 15, 2013, stating whether defense counsel can secure Cauger's cooperation in responding to the questions.  If counsel can secure her cooperation, Cauger will provide a response in accordance with the instructions in Opinion 150 by September 30, 2013.  If defense counsel can no longer secure Cauger's

cooperation, Murray will be allowed to contact Cauger directly to seek responses to the ten questions.

Motion 350 ¶ 2

This Motion asks for additional time to: (1) conduct discovery; and (2) secure transcripts of the recordings of the Northrup and Baugh depositions. Murray will need additional time to exercise her last chance to secure responses to ten questions from Ley and Cauger in accordance with Opinion 150 before responding to the Summary Judgment Motion.

Murray also asks for additional time to secure transcripts of the recordings of the two depositions that she has taken. She states that she has had difficulty getting someone to transcribe the deposition recordings because the discs were sealed by the Court. The Court sealed the copies of the recordings provided to the parties because Rule 30(f)(1) requires the officer presiding at a deposition to provide a copy of the deposition recording in a sealed envelope to a pro se party or attorney who requests it. The Court further sealed the recording in the Court's records because the depositions were closed sessions of the Court rather that public proceedings. The Court did not find that the depositions were to be sealed as confidential under the Stipulation (d/e 236) and Protective Order (d/e 237) .

The Court intended that the parties should use the deposition recordings as parties would use any deposition. Therefore, Murray is authorized to secure transcripts of the recordings. She has shown that she needs additional time to secure those transcripts. Therefore, the Court grants Murray additional time to respond to the Summary Judgment Motion to allow her to secure transcripts of these two depositions. She is given until October 31, 2013, to file her response to the Summary Judgment Motion. She can use this time to secure responses from Cauger and Ley and to secure deposition transcripts.

<u>Motion 350 ¶ 3</u>

Murray asks for permission to conduct the depositions of Defendant Ley, Defendant Nationwide Better Health employees Archer and Cauger, as well as AT&T employees Pusch and Webster. As explained above, Murray seeks to conduct discovery on issues that are beyond the scope of discovery allowed by the District Court's stay. Murray has further not yet secured responses from Ley and Cauger as instructed in Opinion 150. Therefore, the Court denies the Motion.

In the alternative, Murray asks to defer consideration of the Summary Judgment Motion. This request is denied as moot since the Court has granted her an extension of time to October 31, 2013.

Motion 352

Motion 352 asks the Court to order Murray not to contact Defendants directly and to bar her from transcribing the recordings of the Baugh and Northrup depositions. As explained above, the Court intended the parties to use the recordings as they would use any other deposition transcript or recording. The Court sealed the recordings given to the parties as the officer presiding over the depositions, pursuant to Rule 30(f)(1), and not pursuant to the Protective Order. Murray may have the recordings transcribed. This portion of Motion 352 is denied.

Motion 352 also asks the Court to direct Murray not to contact Defendants directly. Murray contacted Defendant Barbara Ley directly. This was improper. Ley is represented by counsel. Murray should direct her communications to defense counsel. Murray may not use any statements that Ley made to her during these improper contacts in this case.

WHEREFORE Motion 350 ¶¶ 1 and 2 are ALLOWED in part; Motion 350 ¶ 3 is DENIED; and Motion 352 is ALLOWED in part. The parties to this case are authorized to secure transcripts of the recordings of the Depositions of Cynthia Northrup taken December 5, 2012, and Deborah Baugh taken May 15, 2013. Murray is given time to propound ten written

questions on Defendant Ley and non-party Chrissy Cauger in accordance with the instructions in this Opinion and Opinion 150.  Plaintiff Sharon Murray is given an extension of time until October 31, 2013, to respond to the pending Summary Judgment Motion (d/e 108).  Plaintiff Murray is directed to communicate with Defendants through defense counsel and not directly.  Plaintiff Murray may not use any statements that Defendant Ley made when Murray contacted Defendant Ley directly during the pendency of this case.  The Motions are otherwise DENIED.

ENTER:  July 31, 2013

                                                               *s/ Byron G. Cudmore*
                                                        UNITED STATES MAGISTRATE JUDGE