IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHARON MURRAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-3262 |
| NATIONWIDE BETTER HEALTH, BARBARA LEY, and CYNTHIA NORTHRUP, | ) ) ) ) ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Plaintiff's Objection (d/e 348) to the Order entered by United States Magistrate Judge Byron G. Cudmore on June 4, 2013. Because Plaintiff filed the document (d/e 345) in violation of the Local Rules, the Clerk of the Court is directed to strike the document, and the Objection is therefore denied as moot.

I. BACKGROUND

On June 3, 2013, Defendants filed a Motion to Seal Plaintiff's filing at docket entry 345 on the basis that Plaintiff's filing of that

document violated the parties' protective order and this Court's March 6, 2012 Order.  Docket Entry 345 purported to be a transcript of the May 18, 2012 deposition of Cynthia Northrup.  Defendants argue that during the deposition, Defendant Cynthia Northrup was questioned extensively regarding the Disability, Family Medical Leave and Leaves Administrative Services Agreement Between Gates, McDonald and Company and Cingular Wireless, LLC (the Agreement), which was a document marked as "Confidential" and governed by the terms of the Protective Order.

On June 4, 2013, Magistrate Judge Cudmore entered the following Text Order:

> Before the Court is Defendants Nationwide Better Health, Barbara Ley, and Cynthia Northrup's Motio for an Order Sealing Plaintiff's D/E [345] Filing [346] and pro se Plaintiff's Response in Opposition [347].  Out of an abundance of caution, and as the underlying document addressed in Motion [346] relates to a pretrial discovery deposition that involved in part "confidential"information as defined [236] [237], Motion [346] is ALLOWED.  The Clerk is directed to file document [345] UNDER SEAL.

Plaintiff has filed an Objection, asserting that d/e 345 does not violate the Protective Order because nothing in the transcript is protected information.

Defendants respond that Magistrate Judge Cudmore's decision was not clearly erroneous or contrary to law.  See Fed.R.Civ.P. 72(a) (a magistrate judge's nondispositive orders shall be set aside or modified if clearly erroneous or contrary to law).  Defendants also note that there is no discernable reason for Plaintiff to have filed the transcript.  See CDIL-LR 26.3 (providing that discovery materials are generally not filed with the court unless in support of a motion).

## II.  ANALYSIS

Discovery materials, including depositions under Rule 30 and 31, are not to be filed with the Court except that (1) a motion filed under Federal Rule of Civil Procedure 26(c) or 37 "must be accompanied by the relevant portions of discovery material relied upon or in dispute"; and (2) the "portion of relevant discovery material necessary to the consideration of a pretrial motion or for a final order on any issue must be filed

contemporaneously with the motion or response to the motion and attached to the pleading as an exhibit thereto." CDIL-LR 26.3(A), (C), (D).  It is unclear why Plaintiff filed the deposition transcript.  The transcript was not filed as part of an attachment to a pretrial motion, response to a pretrial motion, or a motion under Rule 26 or 37.  Therefore, the Clerk of the Court is directed to strike d/e 345.

Plaintiff is advised that, in the future, if she intends to file something that has been marked "Confidential" by the parties, she should file a motion for leave to file the document under seal or, before filing the document, file a motion asserting why the document need not be filed under seal.  In either case, the Court will then determine whether good cause exists to seal the document from the public record.  See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999).

### III.  CONCLUSION

Because Plaintiff improperly filed discovery material in violation of Local Rule 26.3, the Court directs the Clerk of the Court to STRIKE d/e

345.  Plaintiff's Objection (d/e 348) to Magistrate Judge Cudmore's June 4, 2013 Text Order sealing (d/e 345) is therefore DENIED AS MOOT.

ENTER: August 6, 2013

FOR THE COURT:

                                              s/Sue E. Myerscough
                                              SUE E. MYERSCOUGH
                                              UNITED STATES DISTRICT JUDGE