IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

SHARON MURRAY, )
 )
Plaintiff, )
 )
v. ) Case No. 10-3262
 )
NATIONWIDE BETTER )
HEALTH, BARBARA LEY, and )
CYNTHIA NORTHRUP, )
 )
Defendants. )

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

This cause is before the Court on the Motion for Summary Judgment and Other Relief filed by Defendants Nationwide Better Health (Nationwide), Cynthia Northrup, and Barbara Ley (d/e 108). Because no genuine issues of material fact remain, and Defendants are entitled to judgment as a matter of law, the Motion is GRANTED as to Plaintiff's federal claims. Moreover, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

# I. JURISDICTION

This Court has subject matter jurisdiction because several of Plaintiff's claims are based on federal law.  <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy).  Venue is proper because the events giving rise to the claim occurred in Sangamon County.  <u>See</u> 28 U.S.C. § 1391(b)(2) (venue is proper in a judicial district in which a substantial part of the events giving rise to the claim occurred).

## II.  LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears

the initial responsibility of informing the court of the basis for the

motion and identifying the evidence that demonstrates the absence of a

genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317,

323 (1986).  No genuine issue of material fact exists if no reasonable jury

could find in favor of the nonmoving party.  Brewer v. Bd. of Trs. of the

Univ. of Ill., 479 F.3d 908, 915 (7th Cir. 2007).  When ruling on a

motion for summary judgment, the court must consider the facts in the

light most favorable to the nonmoving party, drawing all reasonable

inferences in the nonmoving party's favor.  Woodruff v. Mason, 542 F.3d

545, 550 (7th Cir. 2008).

### III. FACTS AND PROCEDURAL BACKGROUND

In 2008, Plaintiff, a former AT&T Mobility LLC (AT&T)

employee, sued AT&T for violations of the Family Medical Leave Act

(FMLA), 29 U.S.C. § 2601 et seq., and the Americans with Disabilities

Act (ADA), 42 U.S.C. § 12101 et seq.  See Sharon Murray v. AT&T

Mobility LLC, Case No. 08-3159, United States District Court for the

Central District of Illinois, Springfield Division.  Plaintiff proceeded pro se.

In that lawsuit, Plaintiff alleged that AT&T improperly interfered with her rights under the FMLA by miscalculating her FMLA use and retaliated against her for using FMLA leave.  See Murray v. AT&T Mobility LLC, 2009 WL 2985721, at *11 (C.D. Ill. 2009).  Plaintiff also claimed AT&T violated the ADA by failing to grant her an accommodation and by refusing to rehire her with accommodations.  Id. at *14.

In September 2009, United States District Judge Jeanne E. Scott granted summary judgment in favor of AT&T.  Id.  The Seventh Circuit affirmed.  See Murray v. AT&T Mobility LLC, 374 Fed. Appx. 667 (7th Cir. 2010) (unpublished).

In October 2010, Plaintiff, again proceeding pro se, filed the Complaint at issue herein against Nationwide, Northrup, and Ley.  See also Memoranda of Points and Authorities (d/e 3).  Nationwide was the third-party administrator who handled FMLA and short term disability

claims for AT&T in 2007 and 2008.  Nationwide provided said services

pursuant to the "Disability, Family Medical Leave[,] and Leaves

Administrative Services Agreement" (Agreement) between Gates,

McDonald and Company (now Nationwide) and Cingular Wireless LLC

(now AT&T).  Defendants Northrup and Ley were employees of

Nationwide.

Plaintiff alleges violations of the FMLA, the Employment

Retirement Income Security Act (29 U.S.C. § 1001 et seq.) (ERISA),

perjury claims, violations of Plaintiff's Constitutional rights, and various

state law claims.  Specifically, Plaintiff alleges that Northrup filed a

counterfeit document in the prior case; Northrup and Ley withheld

critical documents in the prior case; Ley failed to disclose in the prior

case that Plaintiff should have received additional disability pay;

Nationwide failed to give Plaintiff proper notice that certain leave would

be counted toward Plaintiff's FMLA allotment; Nationwide did not keep

accurate records; and Defendants failed to preserve documents.  See

Complaint, d/e 1.  Plaintiff seeks damages of $500,000, consisting of

disability benefits she claims she is owed, compensation for the actions

that affected Plaintiff's credit, future damages, loss of her health

insurance, and damages for the long-term effects on Plaintiff and her five

children.  Plaintiff also seeks punitive damages.  See Complaint, d/e 1, p.

16, 17, 19, 20.

In January 2011, Defendants filed an Answer and Affirmative

Defenses (d/e 15) and, in June 2011, an Amended Answer and

Affirmative Defenses (d/e 107).  Defendants raised numerous affirmative

defenses, including that Plaintiff failed to state a claim for which relief

may be granted; the claims are barred by the statute of limitations;

Plaintiff failed to plead sufficient facts for an award of punitive damages

and is not entitled to punitive damages under ERISA or the FMLA;

Plaintiff failed to exhaust her administrative remedies for the ERISA

claims; the claims are barred by issue preclusion; Ley and Northrup are

not proper parties under the ERISA claims; Defendants are not state

actors; and ERISA provides no right to a jury trial.

On June 22, 2011, Defendants filed a Motion for Summary
Judgment and Other Relief (d/e 108) and a Motion to Stay Proceedings
Including Discovery Pending the Decision on Defendants' Motion for
Summary Judgment and Other Relief (d/e 111). Defendants supported
the Motion for Summary Judgment with the Affidavits of Northrup and
Deborah Baugh.

On July 11, 2011, this Court entered an Order staying discovery
pending a determination on Defendants' Motion for Summary Judgment
with the exception that Plaintiff was entitled to conduct limited discovery
on (1) whether Nationwide was a "covered employer" under the FMLA;
(2) whether Nationwide, Northrup, and Ley are "fiduciaries" of a "plan"
under ERISA; (3) any agreements, policies, or contracts entered into
between Nationwide and AT&T during the relevant time and related to
the two issues cited above; and (4) the information provided by Northrup
and Baugh in their Affidavits in support of the Motion for Summary
Judgment. The Court set September 1, 2011 as the deadline for the
completion of limited discovery and set September 26, 2011 as the

deadline for Plaintiff to respond to the Motion for Summary Judgment.

On September 26, 2011, Plaintiff filed her response to the Motion for Summary Judgment.  <u>See</u> d/e 165, 166.  However, Plaintiff encountered difficulty in conducting the limited discovery allowed by this Court.  Therefore, on several occasions, the Court extended the deadline for Plaintiff to complete the limited discovery and granted Plaintiff additional time to file any additional response to the Motion for Summary Judgment.  <u>See</u>, <u>e.g.</u>, d/e 171; April 30, 2012 Text Order; May 9, 2012 Text Order; May 15, 2013 Text Order.

Plaintiff was ultimately able to complete the limited discovery.  In August 2011, United States Magistrate Judge Byron G. Cudmore granted Plaintiff leave to propound 10 written questions to Barbara Ley, Corrine Archer, Chrissy Cauger, Nancy Vascyoc, Gaye Ann Pusch, and Christopher Meyers and to depose the two affiants who provided affidavits in support of Defendants' Motion for Summary Judgment, Cynthia Northrup and Deborah Baugh.  <u>See</u> Opinion, d/e 150.  In July

2013, Magistrate Judge Cudmore again granted Plaintiff leave to serve written questions on both Ley and Cauger. <u>See</u> Opinion d/e 355.

In December 2012 and May 2013, Plaintiff completed the depositions Northrup and Baugh.  <u>See</u> December 5, 2012 Minute Entry; May 15, 2013 Minute Entry.  After filing a motion to compel, Plaintiff received responses to the written interrogatories served on Gaye Ann Pusch and Christopher Meyers.  <u>See</u> d/e 245, 246.   Plaintiff also received a copy of the Agreement.  <u>See</u> d/e 253 (wherein Plaintiff filed the Agreement under seal); d/e 276 (Plaintiff referencing that she received the Agreement March 30, 2012).

On July 31, 2013, Magistrate Judge Cudmore granted Plaintiff until October 31, 2013 to respond to the pending Motion for Summary Judgment.  <u>See</u> d/e 355.  Plaintiff did not file an additional response.  On November 14, 2013, Defendants filed a Reply in Support of Their Motion for Summary Judgment and Other Relief (d/e 359).

# IV. ANALYSIS

Defendants assert they are entitled to summary judgment on all of Plaintiff's claims.

A.   <u>Defendants are Entitled to Summary Judgment on Plaintiff's FMLA Claims</u>

Defendants assert they are entitled to summary judgment on Plaintiff's FMLA claims for three reasons: (1) the FMLA claims are barred by the doctrine of issue preclusion; (2) Nationwide was not Plaintiff's employer; and (3) Plaintiff's claims were filed outside the two year statute of limitations. Because the Court finds that the FMLA claims are barred by issue preclusion and because Nationwide was not Plaintiff's employer, the Court does not address the statute of limitations argument.

Issue preclusion, also referred to as collateral estoppel, prevents relitigation in a subsequent action of an issue that was actually litigated and decided in the initial action. <u>Havoco of American, Ltd. v. Freeman, Atkins & Coleman, Ltd.</u>, 58 F.3d 303, 307 (7th Cir. 1995). Whether a

federal judgment precludes a subsequent suit is determined by federal
common law.  Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

A defendant who invokes issue preclusion must show (1) the issue
sought to be precluded is the same as that involved in the prior action;
(2) the issue was actually litigated in the prior action; (3) the
determination of the issue was essential to the final judgment; and (4)
the party against whom estoppel is invoked was fully represented in the
prior action.  Washington Group Intern., Inc. v. Bell, Boyd & Lloyd LLC,
383 F.3d 633, 636 (7th Cir. 2004).  Defendants may assert collateral
estoppel even though they were not a party or in privity with a party in
the prior action.  Whitley v. Seibel, 676 F.2d 245, 248 n. 1 (7th Cir.
1992) (collateral estoppel "can be used as a shield by a new defendant
against a plaintiff who was a party to the former litigation").
Defendants have established each of those elements here.

First, the issues Defendants seek to preclude in this case are the
same issues involved in the prior action.  In the earlier litigation against
AT&T, Plaintiff had argued that AT&T interfered with Plaintiff's FMLA

by miscalculating her FMLA leave and retaliated against Plaintiff for using her FMLA leave by terminating her employment.  <u>Murray</u>, 2009 WL 2985721, at *11.  AT&T tracked employee's unscheduled absences using a point system.  The points accrued based on a rolling 12-month calendar.  The accumulation of 12 points or more in a 12-month period could result in termination.  If an employee was absent for a continuous length of time, the 12-month period was extended by the length of the absence.  Approved leaves of absences, short term disability, and FMLA leave did not count as unscheduled absences.  <u>See</u> <u>Murray</u>, 2009 WL 2985721, at *2.  Plaintiff claimed that AT&T (1) improperly counted the hours by which she worked part time from October 22, 2007 through December 16, 2007, as FMLA leave; (2) erroneously failed to characterize four hours of leave on December 28, 2007 and failed to excuse absences related to her workers' compensation injury; and (3) unlawfully denied her "the privilege of attendance point expiration."  <u>Id.</u>

The Court found that, even with some miscalculations of Plaintiff's time, Plaintiff had still exhausted her 480-hour allotment of FMLA leave

and continued to miss work.  Id. at *11-13.  The Court held that Plaintiff

accumulated more than the attendance points necessary to justify

termination.  Id. at *13.  The Court also found it undisputed that

Nationwide notified Plaintiff in October 22, 2007 that the hours Plaintiff

did not work due to her part-time work schedule from October 22, 2007

through December 16, 2007 would count against her FMLA allotment.

Id. at *11.  Plaintiff was also informed in writing that her short-term

disability leave from September to October 2007 would count toward her

FMLA entitlement.  Id. at *3.  Therefore, the Court found AT&T was

entitled to summary judgment on Plaintiff's FMLA interference claims.

Id. at 13.

In her Complaint in this case, Plaintiff alleges that Nationwide

violated the FMLA by (1) failing to comply with the record-keeping

requirements; and (2) failing to give Plaintiff proper notice that her leave

would be counted against her FMLA allotment.  See Complaint, d/e 1, p.

10-12.  Plaintiff also argues in her Response that Nationwide failed to

properly monitor Plaintiff's leave and attendance, which contributed to

Plaintiff's unlawful termination, and that Nationwide erroneously deducted FMLA time from Plaintiff for short-term disability leave for September 24, 2007 through December 16, 2007.  Pl. Resp., d/e 166, p. 7-10.

In the current litigation, Plaintiff continues to challenge the calculation of FMLA time.  Clearly, Plaintiff is attempting to relitigate the issues raised and decided in the earlier litigation.  Consequently, Defendants have shown that the first element of issue preclusion–that the issue sought to be precluded is the same as that involved in the prior action–has been met.

Nationwide has also established the second and third elements: that the issue was actually litigated in the prior action and that the determination of the issue was essential to the final judgment.  The FMLA claims were actually litigated in the earlier action, and the adjudication of the issues surrounding the calculation of Plaintiff's FMLA leave were necessary to the Court's prior judgment.

Finally, "fully represented" does not mean the litigant against whom issue preclusion is asserted must have had counsel or had affirmatively chosen not to have counsel.  See DeGuelle v. Camilli, 724 F.3d 933, 938 (7th Cir. 2013) (noting in the context of collateral estoppel under Wisconsin law that "the idea that litigating pro se should insulate a litigant from application of the collateral estoppel doctrine, or more broadly, the doctrine of res judicata, of which collateral estoppel is an aspect, is absurd.").  In fact, the overarching concern when applying issue preclusion is that the party against whom the prior action is invoked must have had a full and fair opportunity to litigate the issue. See Allen v. McCurry, 449 U.S. 90, 95 (1980).

In this case, although Plaintiff proceeded pro se in the trial court and on appeal, she had a full and fair opportunity to litigate the issues. Under these circumstances, the Court finds that Plaintiff was "fully represented" in the prior action even though she proceeded pro se. Therefore, because Defendant has demonstrated that each of the

elements is met, Plaintiff's FMLA claims are barred by the doctrine of issue preclusion.

Nonetheless, Plaintiff argues that the earlier judgment cannot preclude this lawsuit because the earlier judgment was procured by fraud and is void.  A judgment is void if the Court lacked jurisdiction over the subject matter  See Burnham v. Superior Court of Ca., Cnty. of Marin, 495 U.S. 604, 608 (1990).  However, the Court had subject matter and personal jurisdiction in the earlier case, Case No. 08-3159.  Therefore, that judgment is not void.

Plaintiff's claim that the earlier judgment was procured by fraud would, at most, make the judgment voidable.  A voidable judgment is not open to collateral attack but may only be corrected on direct review.  See Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 325 (1927); see also RESTATEMENT (SECOND) JUDGMENTS § 78 (1980) (providing that relief from judgment must be obtained from the court that rendered it unless relief "may be obtained more fully, conveniently, or appropriately by some other procedure").  Therefore, Plaintiff cannot, in this new

litigation, attack the earlier judgment on the ground that it was procured by fraud.

Moreover, even if Plaintiff's FMLA claims were not barred by issue preclusion, Nationwide was not Plaintiff's employer. See Arango v. Work & Well, Inc., 930 F.Supp.2d 940, 942-43 (N.D. Ill. 2013)(noting that a third party administrator is not liable under the FMLA unless the administrator is a joint employer). Therefore, Plaintiff cannot maintain an FMLA claim against Nationwide.

Nationwide argues that summary judgment should be granted on the FMLA claims because Nationwide was not Plaintiff's employer and was not a "joint employer" with AT&T with regard to Plaintiff's employment. Plaintiff responds that Nationwide was an "employer in common" with AT&T but does not cite to any case, statute, or regulation that uses the terminology "employer in common" as opposed to joint employer.

The FMLA defines an employer as:

> any person engaged in commerce or in any
> industry or activity affecting commerce who

employs 50 or more employees for each working
day during each of 20 or more calendar workweeks
in the current or preceding calendar year;

(ii) includes--

(I) any person who acts, directly or
indirectly, in the interest of an
employer to any of the employees of
such employer.

29 U.S.C. § 2611(4)(A)(i), (ii)(I).  Although the FMLA does not address

joint employer liability, Congress directed the United States Department

of Labor to "prescribe such regulations as are necessary to carry out" the

purpose of the FMLA.  See 29 U.S.C. § 2654.  The Department of Labor

prescribed regulations addressing when a joint employer relationship

might exist:

(a) Where two or more businesses exercise some control over
the work or working conditions of the employee, the
businesses may be joint employers under FMLA.  Joint
employers may be separate and distinct entities with separate
owners, managers, and facilities. Where the employee
performs work which simultaneously benefits two or more
employers, or works for two or more employers at different
times during the workweek, a joint employment relationship
generally will be considered to exist in situations such as:

(1) Where there is an arrangement between employers to share an employee's services or to interchange employees;

(2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,

(3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 825.106(a).

In support of the assertion that Nationwide was not a joint employer with AT&T, Nationwide provides the Affidavits of Deborah Baugh and Cynthia Northrup.

Baugh, the Leave and Disability Manager for AT&T during 2007 and 2008, and Northrup, the manager of leave and disability for Nationwide during 2006 to 2007, both assert that Nationwide was the third party administrator for family and medical leave, leaves of absence, and disability claims for AT&T employees. Baugh Aff., d/e 108-1, ¶ 4; Northrup Aff., d/e 108-2, ¶ 6. Pursuant to Nationwide's Agreement with

AT&T, Nationwide did not exercise control over the working conditions of AT&T employees and did not have the ability to hire, fire, assign, or direct the work of AT&T employees.  Baugh  Aff., d/e 108-1, ¶ 5; Northrup Aff., d/e 108-2, ¶ 7, 8; <u>see also</u> Northrup Aff., d/e 108-2, ¶ 5 (authenticated portions of the Agreement); d/e 110 (sealed) (portions of the Agreement).  Baugh also asserts that Nationwide was a separate entity and did not benefit from the work performed by AT&T employees or control the work schedule or wages of AT&T employees.  Baugh Aff., d/e 108-1, ¶¶ 6, 7.

In response, Plaintiff asserts that Nationwide was a joint employer and points to a 2007 W-2 that identifies "Gates McDonald DTC LLC" as her employer.  <u>See</u> Pl. Statement, d/e 165-1.  Gates McDonald was the predecessor of Nationwide.  Plaintiff also asserts that Nationwide monitored and supervised her attendance, as demonstrated by the "Cingular Wireless Attendance Only Term Verification Request of FMLA, LOA and/or Disability Claim Status (must be completed and approved prior to termination)."  One portion of that document requests

attendance verification information from Nationwide for Plaintiff.  See
Pl. Resp., d/e 166-8.

In Reply, Defendants submitted a second Affidavit from Northrup.
In that Affidavit, Northrup explains that Nationwide administered leave
and disability claims on behalf of AT&T.  Northrup Aff., d/e 359-1, ¶ 2.
Pursuant to the Agreement between Nationwide and AT&T, Nationwide
agreed to pay certain state and federal taxes, as well as generate and file
certain required tax documents in connection with the disbursement of
taxable benefits payments.  Northrup Aff., d/e 359-1, ¶ 3 (identifying
Exhibit 1 as a true and correct copy of pertinent pages of the Agreement);
Exhibit 1, d/e 361 (pertinent pages of the Agreement).

Nationwide worked with ADP, a third-party payroll service, to
administer and disburse disability payments to AT&T employees.
Northrup Aff., d/e 359-1, ¶ 4.  When disbursing disability payments to
AT&T employees, ADP  listed Nationwide as the employer for tax
purposes.  Northrup Aff., d/e 359-1, ¶ 7.  However, the funds used for
the payments came from AT&T.  Northrup Aff., d/e 359-1, ¶¶ 6, 7.  The

payments were not made in exchange for work performed for Nationwide by the AT&T employees.  Northrup Aff., d/e 359-1, ¶ 8.

The Seventh Circuit addressed a similar issue in <u>Moldenhauer v. Tazewell-Pekin Consol. Commc'n Ctr.</u>, 536 F.3d 640 (7th Cir. 1998).  In <u>Moldenhauer</u>, 536 F. 3d at 645, an employee of the Tazewell-Pekin Consolidated Communications Center (Tazcom), who was fired for excessive absenteeism, filed suit against Tazcom, the City of Pekin, and Tazewell County.  <u>Moldenhauer</u>, 536 F.3d at 641.  The plaintiff alleged the defendants were joint employers and were liable for retaliating against her for exercising her rights under the FMLA.  <u>Id.</u>

In support of her claim that the defendants were joint employers, plaintiff pointed out that Tazcom contracted with Pekin for various services, including payroll, insurance, and retirement fund benefits.  <u>Id.</u> at 642.  Technological limitations required that Tazcom employees be labeled as Pekin employees to provide these services.  <u>Id.</u>  Moreover, Pekin was listed as the plaintiff's employer on many employment forms, including W-2s, wage garnishment forms, and direct deposit forms.  <u>Id.</u>

The district court granted summary judgment, and the Seventh Circuit affirmed.  The Seventh Circuit held that the facts listed above were insufficient to show a joint employer relationship.  Instead, to show a joint employer relationship, the alleged employer must exercise control over the employee's working conditions.  Id. at 644-45.  Because the plaintiff could not show one instance of Pekin or Tazewell hiring a Tazcom employee, determining the working conditions for a Tazcom employee, or deciding the compensation for a Tazcom employee, neither Pekin nor Tazewell could be considered joint employers under the FMLA.  Id. at 645

Similarly here, Plaintiff has no evidence that Nationwide exercised control over the working conditions of any AT&T employee.  Nationwide has presented evidence that Nationwide did not exercise control over the working conditions of any AT&T employee.  Therefore, the fact that AT&T contracted with Nationwide for payroll services, completed a portion of a form that AT&T then used to fire Plaintiff,  and that Nationwide's predecessor was identified as the "employer" on Plaintiff's

2007 W-2, is insufficient to establish a joint-employment relationship.

Consequently, Nationwide is entitled to summary judgment on Plaintiff's

FMLA claims.

B.   <u>Defendants are Entitled to Summary Judgment on Plaintiff's ERISA Claims</u>

Defendants next argue that summary judgment should be granted

to Defendants on Plaintiff's ERISA claims.

In her Complaint, Plaintiff asserted claims under §1132A(1),

§1104, §1105, §§1109, and §1110.  Complaint, d/e 1, Nature of the

Action, p. 1; <u>see</u> <u>also</u> 29 U.S.C. § 1132 (the civil enforcement provision);

29 U.S.C. § 1104 (setting forth the prudent man standard of care); 29

U.S.C. § 1105 (providing the circumstances giving rise to liability of a

fiduciary for the breach of a co-fiduciary); 29 U.S.C. § 1109 (liability for

breach of fiduciary duty); 29 U.S.C. § 1110 (exculpatory provision).

Specifically, Plaintiff alleges an ERISA claim arising out of Defendants'

failure to preserve documents.  Complaint, d/e 1, p. 13 (alleging breach of

fiduciary duty for spoliation of evidence).

Plaintiff attaches the AT&T Mobility Disability Benefits Program brochure to her Response.  <u>See</u> d/e 166-13.  Assuming that this is the Plan under which Plaintiff brings her ERISA claim, this Court notes that the brochure indicates that the Plan is "AT&T Umbrella Plan No. 1 Trustees" and that the Plan Administrator is AT&T, Inc.  <u>See</u> d/e 166-13, p. 31, 33.

Section 1132 of ERISA, the civil enforcement provision, allows a plan participant to bring a civil action (1) to recover benefits due, enforce rights, or clarify the right to future benefits under the terms of the plan, 29 U.S.C. § 1132(a)(1)(B); (2) for appropriate relief for a breach of fiduciary duty under § 1109, 29 U.S.C. § 1132(a)(2); or (3) "to enjoin an action or practice that violates any provision of this subchapter or the terms of the plan" or obtain other appropriate equitable relief to redress such violations or to enforce any provisions of the subchapter or terms of the plan.  29 U.S.C. § 1132(a)(3).

Defendants are entitled to summary judgment on Plaintiff's ERISA claims under any of the above provisions.

To the extent Plaintiff is bringing a claim for benefits under §
1132(a)(1)(B), the proper defendant is generally the plan because the
plan is the entity contractually obligated to provide the benefits.  See
Feinberg v. RM Acquisitions, LLC, 629 F.3d 671, 673 (7th Cir. 2011);
but see, e.g., Larson v. United Healthcare Ins. Co., 723 F.3d 905, 913
(7th Cir. 2013) (recognizing that in health insurance plans, an action
against the insurer for benefits is proper because the insurer decides
contractual eligibility, benefits questions, and pays the claims).  Here, the
Plan allegedly owed the benefits to Plaintiff.  Therefore, Plaintiff cannot
bring a claim for benefits pursuant to § 1132(a)(1)(B) against
Nationwide, Northrup, or Ley.

Moreover, even assuming Defendants are fiduciaries (an issue the
Court need not address), Defendants are entitled to summary judgment
on Plaintiff's breach of fiduciary claims, 29 U.S.C. §§ 1132(a)(2), (a)(3).

Section 1132(a)(2) permits a plan participant to commence a civil
action for appropriate relief under § 1109 but only in a representative
capacity on behalf of the plan.  Kenseth v. Dean Health Plan, Inc., 610

F.3d 452, 481 (7th Cir. 2010).  Plaintiff is not bringing a claim on behalf
of the Plan.

Section 1132(a)(3) permits a plan participant to commence a civil
action on her own behalf for a breach of fiduciary duty.  Kenseth, 610
F.3d at 482.  However, the plan participant may only seek injunctive or
appropriate equitable relief.  Id.  Legal relief, such as compensatory
damages, is not authorized under § 1132(a)(3).  Id. (noting that
equitable relief includes injunctions, mandamus, and restitution when
accurately characterized as an equitable remedy); see also Cigna Corp. v.
Amara, 131 S. Ct. 1866, 1880-1881 (2011) (identifying equitable relief
as including reformation and estoppel).  In this case, Plaintiff seeks
compensatory damages from Defendants.  Therefore, Defendants are
entitled to summary judgment on Plaintiff's breach of fiduciary duty
claims.  See, e.g., Stocks v. Life Ins. Co. of N.A., 861 F.Supp.2d 948, 954
(E.D. Wis. 2012) (on a motion to dismiss finding the plaintiff's breach of
fiduciary duty claim failed as a matter of law because the plaintiff sought
only legal relief on her § 1132(a)(3) claim).

Alternatively, Plaintiff has not identified any evidence to support a

claim for breach of fiduciary duty.  Plaintiff asserts that Nationwide had

a duty to preserve documents pursuant to an Order the Court entered in

the earlier case.  However, Nationwide was not a party to the earlier case.

Therefore, Nationwide was not required to comply with that Order.

Moreover, Nationwide asserted in its response to Interrogatory 12 and 13

that Nationwide transferred all files to AT&T.  See Pl.'s Resp., d/e 166-9.

Plaintiff has pointed to no evidence to dispute this statement.

C.    Defendants are Entitled to Summary Judgment on Plaintiff's
      Constitutional Claims

In her Complaint, Plaintiff alleges that Defendants violated various

constitutional rights, including her right to due process, equal access to

the Court, and right to be heard.  Defendants assert they are entitled to

judgment as a matter of law on Plaintiff's claims, which they construe as

being brought under the First, Fifth, Sixth, and Fourteenth Amendments.

Specifically, Defendants assert that the claims fail because Defendants

are not state actors and Plaintiff has not alleged any facts to support a

claim that Defendants conduct can be considered state action.  Plaintiff

does not address this argument in her Response.

The First, Fifth, and Sixth Amendments protect individuals only

against state and federal government intrusion, not against the actions of

private individuals and entities.  See Gardner v. Kappa Alpha Psi

Fraternity, 2013 WL 3724865, at *2 (N.D. Ill., July 12, 2013) (noting

that the Bill of Rights protects individuals against federal government

intrusion); United States v. Morrison, 529 U.S. 598, 620-21 (2000); see

also, e.g., Albright v. Oliver, 510 U.S. 266, 272 (1994) (identifying the

procedural protections of the Fifth and Sixth Amendments that have

been made applicable to the States through the Fourteenth Amendment).

Similarly, the Fourteenth Amendment prohibits only state action.

Morrison, 529 U.S. at 621.

While there are some instances when a private actor's conduct can

be considered state action, Plaintiff has not pointed to evidence of such

conduct here.  See Wade v. Byles, 83 F.3d 902, 905 (1996) (private

actor's conduct can be considered state action where (1) the state directs,

controls or encourages the actions of the private party; or (2) the state

delegates a public function to a private entity).  Therefore, Defendants

are entitled to summary judgment on Plaintiff's Constitutional claims.

D.     Defendants are Entitled to Summary Judgment on Plaintiff's
       Perjury Claims Brought Pursuant to  18 U.S.C. § 1621 and 28
       U.S.C. § 1746

       In her Complaint, Plaintiff purports to bring claims against

Northrup and Ley for perjury pursuant to 18 U.S.C. § 1621 and 28

U.S.C. § 1746.  Plaintiff alleges that Northrup and Ley provided false

information and documents in the earlier litigation, Case No. 08-3159.

       Defendants argue that they are entitled to judgment as a matter of

law on Plaintiff's perjury claims.  Specifically, Defendants assert that 18

U.S.C. § 1621 and 28 U.S.C. § 1746 do not create a private right of

action.  Plaintiff does not respond to this argument in her Response.

       Section 1746 makes unsworn statements admissible if they are

signed under penalty of perjury.  28 U.S.C. § 1746.  However, section

1746 does not create a private right of action.  Jagla v. LaSalle Bank, 253

Fed. Appx. 597, 599 (7th Cir. 2007) (unpublished), citing <u>Advantor v.</u>

<u>Capital Corp. v. Yeary</u>, 136 F.3d 1259, 1263 (10th Cir. 1998).

Similarly, § 1621, which penalizes perjury and false declarations

under oath, is a criminal statute and does not confer a private right of

action.  <u>See</u> <u>LaBoy v. Zuley</u>, 747 F. Supp. 1284, 1289 (N.D. Ill. 1990)

(holding that the plaintiff could not assert a civil claim under § 1621);

<u>see</u> <u>also</u>, <u>e.g.</u>, <u>Chapa v. Adams</u>, 168 F.3d 1036, 1038 (7th Cir. 1999)

("Criminal statutes, which express prohibitions rather than personal

entitlements and specify a particular remedy other than civil litigation,

are accordingly poor candidates for the imputation of private rights of

action").  Therefore, Defendants are entitled to summary judgment on

Plaintiff's claims alleging violations of 18 U.S.C. § 1621 and 28 U.S.C. §

1746.

E.    <u>The Court Declines to Exercise Jurisdiction Over Plaintiff's State
      Law Claims</u>

Plaintiff brings several state law claims in her Complaint.

Defendants assert that the Court should decline to exercise jurisdiction

over the state law claims.

A district court should relinquish jurisdiction over pendent state-law claims unless: "(1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state law claims, or (3) it is clearly apparent how the state law claims are to be decided." Dargis v. Sheahan, 526 F.3d 981, 990 (7th Cir. 2008).

First, the running of the statute of limitations would not bar Plaintiff from filing her suit in state court because 735 ILCS 5/13-217 gives plaintiffs the greater of one year or the remaining period of limitation to file their claim in state court after dismissal by the federal court for lack of jurisdiction. Second, this Court dismissed the federal claims on summary judgment. While judicial resources have been expended on the state law claims, substantial judicial resources have not been expended because the Court is not addressing the state law claims on summary judgment. Finally, it is not absolutely clear how the state law claims will be decided. See, e.g., Davis v. Cook County, 534 F.3d 650, 654 (7th Cir. 2008) (finding that the district court did not abuse its

discretion in declining to exercise supplemental jurisdiction because the statute of limitations did not bar filing the claim in state court, the court "disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case" and it was not "absolutely clear" how the state law claim would be decided). Therefore, in an exercise of discretion, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

The Court notes that Plaintiff, in her response to the Motion for Summary Judgment, asks that this Court consider the state law claims because the Court has diversity jurisdiction.  Plaintiff correctly observes that the parties are diverse, but does not address the amount in controversy.  See Response, d/e 166, p. 7.  Therefore, she has forfeited the argument.

Even if she had not forfeited this argument, Plaintiff's Complaint requests damages that are indecipherable and unrecoverable.

## V.  CONCLUSION

For the reasons stated, the Motion for Summary Judgment and Other Relief filed by Defendants Nationwide Better Health , Cynthia Northrup, and Barbara Ley (d/e 108) is GRANTED IN PART. Defendants are entitled to summary judgment on Plaintiff's federal claims under the FMLA, ERISA, Constitutional claims, and perjury claims.  The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  The state law claims are DISMISSED WITHOUT PREJUDICE.  Because Plaintiff is indigent, each party shall bear her or its own costs.  CASE CLOSED.

ENTER: January 7, 2014

FOR THE COURT:


s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATE DISTRICT JUDGE